## TEXAS & PACIFIC RAILWAY COMPANY
## v. W. D. REED.
### No. 318.

**1. Fellow Servant—Vice-Principal.**
    A servant who can employ and discharge other servants who are subject to his superintendence and control, is not their fellow servant while they are working under him ............................................... 446

**2. Contributory Negligence—Charge.**
    Plaintiff was injured while in discharge of his duty as switchman. Defense, contributory negligence, in having boarded the car upon which was the injury while it was moving at dangerous speed. A charge should have been given, that if the jury believed from the evidence "that the car when it reached the plaintiff had attained such a dangerous rate of speed that a prudent man in the plaintiff's position would not have boarded it, to find for the defendant." ........ ........................................ 447

**3. Same—Burden of Proof—Charge.**
    Where the testimony from which contributory negligence could be found came from the plaintiff, it was error to refuse to instruct the jury, that "the burden of proof is on the defendant to show the contributory negligence, unless it appears from the plaintiff's own evidence. If it does so appear, you will find for the defendant.".................................... 447

**4. Same—Proximate Cause of Injury.**
    It was also error to refuse an instruction "to find for the defendant, unless you believe from the evidence that the injuries sustained by the plaintiff were the proximate result of the negligence charged; that is to say, unless in view of all the facts and circumstances at the time, such injuries might have been reasonably foreseen as likely to ensue from the alleged negligence, if any.".... ............................................. 448

**5. Custom of Other Railways.**
    There being a conflict in the evidence whether the yard foreman, from whose alleged negligence the injury resulted, or the station agent, had the power to employ and discharge the plaintiff, it was incompetent to prove the custom of other railway companies of authorizing the yard master to employ and discharge the hands who were to work under him ........... ...... 449

**6. Custom Upon Same Railroad.**
    We think the testimony of witnesses who know the fact, that the yard foreman at that and other stations on defendant's line of like character were accustomed to employ and discharge hands, was admissible, as having a

tendency to show that Moore, the yard foreman at time of the injury, had the authority in question. (This litigation arose prior to Act of March 10, 1871.) .................................................................... 449

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Dallas County.

The opinion gives a sufficient statement.

*T. J. Freeman* and *Harris & Knight*, for plaintiff in error.—1. The Court of Civil.Appeals erred in not holding that the court below did not err in refusing to give a special charge requested by the plaintiff, to the effect, that even if Moore, as a result of whose negligence defendant claims to have been injured, had the right to employ and discharge defendant, yet if the defendant was not injured by reason of the negligence of Moore in the discharge of his duty, but on account of the performance of duties incumbent upon him as a fellow servant and colaborer, to find for the appellant. Railway v. Schwabbe, 21 S. W. Rep., 706; Railway v. Smith, 76 Texas, 611; Railway v. Blohn, 73 Texas, 637; Railway v. Welch, 72 Texas, 298; Railway v. Farmer, 73 Texas, 85; Railway v. Kernan, 78 Texas, 294; Railway v. O'Hare, 64 Texas, 600; Railway v. Whitmore, 58 Texas, 276; Railway v. Dunham, 49 Texas, 181; 7 Am. and Eng. Ry. Cases, 821; Bish. Non-Con. Law, secs. 664–668.

2. The court having in its general charge, and also in a special charge given at the request of the plaintiff, called the special attention of the jury to the particular negligence on the part of the railway and its servants alleged in the petition, was under duty and obligation to give, either in the general charge or in a special charge requested by the railway, a like instruction touching the particular act of negligence charged against the plaintiff in mounting the swiftly moving car when it was going at a dangerous rate of speed. It was unjust and unfair to charge twice in respect to the particular negligence alleged against the railway, and not to charge at all, except in the most general and per-. functory way, in respect to the special and particular act of negligence alleged against plaintiff. Railway v. Shieder, ante, p. 152; Railway v. Mother, 5 Texas Civ. App., 92, 93; Railway v. Kirkbride, 79 Texas, 457; Railway v. Hennessy, 75 Texas, 155; Rost v. Railway, 76 Texas, 173.

3. The Court of Civil Appeals erred in holding that the court below committed no error in refusing the following charge: "The burden of proof is on the defendant to show the contributory negligence of the plaintiff, unless it appears from the plaintiff's own evidence. If it does so appear, you will find for the defendant." Railway v. Foreman, 73 Texas, 311.

4. A wrongdoer is only liable for the proximate results of his alleged negligence; that is, for those consequences which, in view of all of the circumstances of the case, might have been reasonably foreseen

as likely to result from such wrongful act. This charge was refused:
"You will find for the defendant, unless you believe from the evidence
that the injuries sustained by the plaintiff were the proximate result
of the negligence charged; that is to say, unless in view of all of the
facts and circumstances at the time, such injuries might have been
reasonably foreseen as likely to ensue from the alleged negligence, if
any." The charge of the court did not undertake to define the proxi-
mate cause. Walker v. Barron, 6 Minn., 508; Mears v. Maples, 3
Hous. (Del.), 581; Strong v. King, 35 Ill., 9; Mason v. Ins. Co., 12 Gill.
& J. (Md.), 468; Parkhurst v. Ins. Co., 100 Mass., 301; Camden v. Do-
remus, 3 Hun, 515; Allen v. Lyles, 35 Miss., 513; Reynolds v. Ins. Co.,
36 Mich., 131; Ins. Co. v. Stanton, 28 Smed. & M., 340; 64 Texas, 541;
67 Texas, 197; 71 Texas, 99; 1 Rice on Ev., p. 276, et seq.

*Wooten & Kimbrough,* for defendant in error.—1. The Court of Civil
Appeals did not err in holding a charge to be correct which told a
jury, that if they believed from the evidence that a servant of a com-
mon master had the authority to hire and discharge another servant,
and to exercise control and dominion over him in a particular service,
then the first servant was a vice-principal and not a fellow servant of
the latter, notwithstanding the two servants may have been engaged in
the same work at the time of the injury. Sweeney v. Railway, 84
Texas, 436; Railway v. Williams, 75 Texas, 4; Railway v. Sipole, 29 S.
W. Rep., 686; Card v. Eddy (Mo.), 28 S. W. Rep., 753.

2. The Court of Civil Appeals properly and correctly held, that the
trial court committed no error in refusing the special charge asked by
plaintiff in error; because said charge, so far as the same was applica-
ble to the issues made under the pleadings and evidence, was already
included in the main charge of the court, and to have given it would
have emphasized an issue false and foreign to the case, and would have
been argumentative, misleading, and contrary to the undisputed facts
in evidence. Tel. Co. v. Grimes, 82 Texas, 96; Railway v. Overheiser,
76 Texas, 439; Rosenthal v. Middlebrook, 63 Texas, 339.

3. Such special charge would have led the jury to believe that Reed
was charged with the duty to avoid the negligence of the yardmaster,
which negligence enhanced the ordinary risks of his employment and
was the proximate cause of the injury; and would have influenced them
to suppose that Reed's mounting the car was the proximate cause of
the injury, when in fact it legally had no more to do with it than the
time of night, the state of the weather, or the fact that he was there at
all. Railway v. Hinzie, 82 Texas, 628; Railway v. McClain, 80 Texas, 96.

4. The undisputed evidence was, that Reed did not know the rate
of speed of the car or the location of the caboose, and had no means of
knowing, but that Moore did, and willfully and knowingly increased
the ordinary risks of Reed's position and employment by turning the
car loose to run down the yard in the dark, knowing that it was Reed's
duty to mount it, and that he could mount it, but would in all proba-

bility be knocked off of it before he could stop it. Reed was not in law bound to exercise care with reference to such an extraordinary and unexpected risk, and the special charge would have misled the jury and prejudiced Reed's case. Railway v. Taylor, 79 Texas, 112; Railway v. Aylward, 79 Texas, 675; Denham v. Lumber Co., 85 Texas, 62; Railway v. Gilmore, 62 Texas, 392; Railway v. Hester, 64 Texas, 403.

5. Reed's act in mounting the car was not the proximate cause of the injury, and his negligence, if any, in so doing did not in any way alter, modify, influence, or contribute to the original independent act of negligence on the part of the yardmaster, which was the proximate cause of the injury. The special charge to the jury, if given, would have been a manifest perversion of the issues in the case. Railway v. Ormond, 64 Texas, 488; Railway v. Ryon, 70 Texas, 61; Railway v. Lamothe, 76 Texas, 225; Railway v. McClain, 80 Texas, 96; Railway v. Brentford, 79 Texas, 626; Denham v. Lumber Co., 73 Texas, 84; Id., 85 Texas, 62; Railway v. Gay, 86 Texas, 609.

6. Under the facts of this case, Reed was not chargeable with notice of the yardmaster's negligence in the management of the engine and the uncoupling of the car, and the testimony being without conflict that Reed did not know the rate of the car's speed in coming down the track, nor the distance it had to run to strike the caboose, and there being no evidence to show or to raise the presumption that Reed was charged with any knowledge or notice of there being an apparent or probable danger in his mounting the car for the purpose of stopping it, the special charge asked would have been inapplicable to the facts, would have raised an entirely false issue, and must have misled the jury as to the law of the case. Railway v. Hester, 64 Texas, 403; Railway v. Overheiser, 76 Texas, 439; Railway v. Cocke, 64 Texas, 157; Railway v. Hinzie, 82 Texas, 628; Oil Co. v. Farmer, 56 Texas, 306; Railway v. White, 80 Texas, 206; Railway v. Best, 66 Texas, 118.

7. It is not contemplated that an employe engaged in the performance of his duties will anticipate danger, when such danger could not possibly arise except by the violation of the rules of the business, or by the independent act of negligence of the master or his representative. In this case, Reed could not be held to have anticipated Moore's negligence. It is clearly shown that he did not know of it; there is nothing to show that he apprehended any danger from mounting the car, or that there was anything to reasonably cause him to apprehend such danger. He safely mounted the car, and was knocked off by causes over which his act in mounting had no sort of influence or control. The special charge asked would have ignored all these facts, and submitted to the jury, as a doubtful issue, what was not an issue at all, or one upon which there was no conflict of testimony. Railway v. Gray, 65 Texas, 36; Oil Co. v. Farmer, 56 Texas, 306; Railway v. Cocke, 64 Texas, 157; Railway v. Hester, 64 Texas, 403.

8. The special charge asked, as has been found by the Court of Civil Appeals, was directed at the issue of Reed's supposed negli-

gence in mounting the car; when the facts showed beyond controversy, that his mounting the car had no more to do with his being injured than the fact of his being a live man enabled him to be wounded. The charge would thus have imported into the case an entirely false issue, and one which the plaintiff in error had endeavored to raise by its answer and by offering in evidence the abandoned pleadings of the defendant in error. There was no evidence to support such an issue, and its introduction into the case would have misled the jury, confused the real issues, been argumentative, and on weight of evidence, and the court properly refused the charge. Denham v. Lumber Co., 73 Texas, 84; Id., 85 Texas, 62; Railway v. Ormond, 64 Texas, 488; Railway v. McDonald, 86 Texas, 10; Railway v. Wisenor, 66 Texas, 675; Ayers v. Harris, 64 Texas, 299.

9. A mere scintilla of evidence, or surmise or suspicion of negligence on the part of Reed in mounting the car under the circumstances, would not justify the court in submitting that special issue to the jury, as requested in this special charge. A verdict for the plaintiff in error predicated upon this special charge would not have been supported by the evidence, and it was not error in such case to refuse it. Railway v. Shieder, ante, p. 152; Railway v. Faber, 77 Texas, 155; Railway v. Scott, 71 Texas, 711; Dotson v. Moss, 58 Texas, 155; Fisk v. Wilson, 15 Texas, 430; Fisk v. Holden, 17 Texas, 408.

10. All the facts of the occurrence were before the jury, the whole transaction had been fully developed by the testimony of the only two witnesses who knew anything about it, the defendant in error had omitted no fact or circumstance from the chain of causes and events leading to his injury, and the trial court charged the jury upon the general law of contributory negligence applicable to the facts proven. It would have been manifest error for the court to cull out one special feature in the conduct of the injured party, and that the least material and efficient element in the case, and to emphasize and give undue prominence to it, as would have been the effect of this special charge. Railway v. Shieder, ante, p. 152; Railway v. Crowder, 63 Texas, 504; Railway v. Murray, 73 Texas, 4; Railway v. Shearer, 1 Texas Civ. App., 352; 62 Texas, 408; 26 Texas, 230.

11. The special charge was faulty in its construction, covered points already sufficiently embraced in the general charge, was susceptible of a double construction and of an erroneous application by the jury, and was not the law of the case as arising on the facts. The trial judge was not bound to remodel it or to rectify its errors, but had the right, and it was his duty, to refuse it in the very terms in which it was offered; especially as it presented a false issue, and he had covered the material issues in his main charge. Rosenthal v. Middlebrook, 63 Texas, 339; Railway v. Cullers, 81 Texas, 394; Brownson v. Scanlan, 59 Texas, 228; Railway v. Taylor, 79 Texas, 114; McBride v. Banguss, 65 Texas, 177; Compress Co. v. Bradley, 52 Texas, 587; Railway v. Kernan, 78 Texas, 297; Railway v. Williams, 75 Texas, 8.

12. It is manifest, that under the facts of this case no wrong or injustice can have resulted from a failure to give this special charge, because all the facts showed conclusively, as the Court of Civil Appeals has found, that Reed was not guilty of contributory negligence under the circumstances; it presented a mere theory of the case not supported by the evidence at the trial; and this court will not revise a judgment for such theoretical and technical error, if it be error, when it is plain that the whole record shows a clear case of negligence on the part of the plaintiff in error, without any negligence on the part of defendant in error that can be said to have directly contributed to his injury. Dotson v. Moss, 58 Texas, 155; Land Co. v. Williams, 51 Texas, 51; Fisk v. Holden, 17 Texas, 408; Tel. Co. v. Grimes, 82 Texas, 96; Railway v. Hinzie, 82 Texas, 628; Railway v. Overheiser, 76 Texas, 439; Rosenthal v. Middlebrook, 63 Texas, 339; Railway v. Kernan, 78 Texas, 297.

13. The general charge was all or more than the facts justified on the subject of contributory negligence; and, fairly and reasonably construed, it included and comprehended the defense sought to be submitted in the special charge asked and refused. It was not proper for the trial judge to select out and specialize a particular defense which was already fairly covered by the general charge. Tel. Co. v. Grimes, 82 Texas, 96; Railway v. Overheiser, 76 Texas, 439; Rosenthal v. Middlebrook, 63 Texas, 339; Railway v. Hester, 64 Texas, 403; Railway v. Hinzie, 82 Texas, 628; Railway v. Gilmore, 62 Texas, 392; Railway v. Crowder, 63 Texas, 504; Denham v. Lumber Co., 85 Texas, 63; Dotson v. Moss, 58 Texas, 155.

14. In this case the defendant in error pleaded and proved all the facts and circumstances surrounding and causing the injury to himself; nothing was left to be explained or developed; and he also specially negatived the idea that he was guilty of contributory negligence. In reply, the plaintiff in error pleaded that he was in fact injured by being knocked down and run over in trying to mount the car, and not by being knocked off the top of the car, as alleged; or, that if he was knocked off the top of the car, he was guilty of contributory negligence in getting on the car at all while it was going at such a rapid rate of speed. All the evidence introduced was introduced by the defendant in error, and it fully established, as the Court of Civil Appeals has held, that he was not guilty of contributory negligence in any matter directly affecting his injury. Now, under this state of case, the burden was on plaintiff in error to show defendant in error's negligence by proof of its own, which it did not do nor attempt to do, and no part of its defense on this issue was supported by even a scintilla of testimony. A special charge submitting an issue upon which there was no proof, and upon which the burden of proof was upon the plaintiff in error, would have been entirely unwarranted, and was properly refused. Railway v. Shieder, ante, p. 152; Murray v. Railway, 73 Texas, 4–7; Railway v. Ormond, 64 Texas, 488; Railway v.

Crowder, 63 Texas, 504; Railway v. Simcock, 81 Texas, 504; Railway v. French, 86 Texas, 99; Railway v. Wisenor, 66 Texas, 675; Railway v. Gay, 86 Texas, 609.

GAINES, CHIEF JUSTICE.—The defendant in error, while employed as a night switchman on plaintiff in error's yard, at Toyah, a station on its line, was injured, and brought this action against the company to recover damages therefor. It was alleged, that the accident was caused by the negligence of one Ed. Moore, the night yardmaster or foreman of the defendant at the station mentioned, and that he had superintendence over the plaintiff, with the power to employ and discharge the servants subject to his control. Upon the occasion in question, they were switching cars for the purpose of making up a train. It was in the night-time, and it became necessary to bring a car from the side track over to the main track, and to propel it down the latter, so as to couple it to the caboose, which was standing there. It was down grade to the caboose. It was the foreman's duty to signal the engineer to "kick" the car down the track, and to uncouple it. It was the duty of the plaintiff to mount the car when it reached him, so as to control its motion, and to stop it in contact with the caboose, in order to couple them together. It was alleged, in substance, that the engineer set the car in motion with much force, and thereby started it down the track at a dangerous rate of speed, and that Moore, the foreman, was guilty of negligence in not giving him the signal to stop it, and in uncoupling the car when it was moving too rapidly; and there was evidence tending to prove the allegations. It was also alleged, and there was evidence tending to show, that when the car reached the plaintiff he mounted it and attempted to set the brake, but was unable to check its speed, and that it struck the caboose with such violence that he was thrown down upon the track, and thereby injured.

The defendant company, in addition to a general denial, denied specially that the yard foreman, Moore, had authority to employ and discharge hands; and alleged, that that authority was vested alone in the station agent at Toyah. It was also pleaded, that the plaintiff was guilty of contributory negligence.

The first assignment of error urged in this court is, that the Court of Civil Appeals erred in sustaining the refusal of the trial court to give a special charge asked by the defendant, to the effect, that even if Moore had authority to employ and discharge the servants of the company who were subject to his control, yet the defendant would be liable only to the plaintiff for Moore's negligence with respect to his duty of employing and discharging hands, and not for his negligence in the performance of duties incumbent upon him merely as a co-laborer with the plaintiff. A servant or agent of a railway company, or other master or principal, may occupy a dual relation to his coemployes. He may be charged with a duty, such as keeping a safe track

and furnishing safe machinery, from which his employer can not absolve himself by imposing it upon a mere servant. For his neglect of such a duty, when such neglect results in an injury to his coemploye, his master is liable. But on the other hand, he may have other duties to perform, not of the character named, in the performance of which he stands towards his coemployes merely as a fellow servant. For the neglect of such duties the latter can not recover. Railway v. Smith, 76 Texas, 611. The principle, however, is not applicable in the present case. In Railway v. Williams, 75 Texas, 4, we were compelled by the former decisions of the court to hold, that a foreman who has superintendence of and control over his coemployes, with power to employ and discharge them, was as to them a vice-principal, and not a fellow servant; and in adopting the opinion of the Commission of Appeals in Railway v. Smith, above cited, we took occasion to say, that we were not prepared to depart from our former ruling, and that any expressions in the opinion which were in conflict with that ruling were not approved by us. The doctrine of the cases cited is, that an employe who is empowered to employ and discharge other servants who are subject to his superintendence and control, is not their fellow servant while they are working under him; and we therefore hold, that it was not error to refuse the charge.

The court charged the jury in a general way, that "every person is required to use ordinary and reasonable care and prudence to prevent injury to himself, and if he fails to exercise such care and prudence, and in consequence of such failure he is injured, the injury being the result of his own negligence, he can not recover for such injury." And also in other places charged in general terms, that if the plaintiff was guilty of contributory negligence he could not recover.

Counsel for the defendant asked the following special instruction: "You are instructed, that it is the duty of an employe to use reasonable care to prevent injuries to himself while working for a master, and that the care to be exercised must be in proportion to the risks of the employment. You are further instructed, that if an employe fails to use reasonable care to protect himself from injuries, he is guilty of negligence, and can not recover. You are therefore instructed, that if you find and believe from the evidence that the plaintiff herein, W. D. Reed, could, by the exercise of reasonable or ordinary care, have known or ascertained that the car which he attempted to ride down was going at a swift and dangerous rate of speed at the time he attempted to get on the same, and with knowledge of this he mounted said car and was injured, then you will find for defendant."

We are of opinion that the defendant was entitled to a charge on contributory negligence specially adapted to the facts of the case. The plaintiff himself testified, that when the car which had been set in motion reached him it was going at ten or twelve miles per hour, and that he would have mounted it if it had been going twenty. It would seem, that if the evidence was sufficient to authorize the jury to find

that Moore, when he let the car go, should have foreseen that it would probably attain a dangerous rate of speed by the time it reached the plaintiff, they might also have reasonably concluded that the latter was also negligent in mounting it, after he saw or had the opportunity of seeing the rate of speed it had actually attained. Both were questions for the jury to determine. Moore owed him the duty of exercising care not to injure him; but he also owed himself the duty to look out for his own safety. We think a proper charge upon the very facts of the case which bore upon the question of contributory negligence, if requested, should have been given; but we are also of opinion, that the instruction under consideration was not without objection. It assumes, that if the car was going at a dangerous rate of speed it was negligent in plaintiff to mount it. This, as we understand it, is not the law. The work was necessarily attended with some danger, especially if the movement of the car was unreasonably accelerated. If the charge had instructed the jury, that if they believed that the car when it reached the plaintiff had attained such a dangerous rate of speed that a prudent man in the plaintiff's position would not have boarded it, to find for the defendant, it should have been given. It was sufficient to have called the attention of the trial judge to the fact that his charge upon the subject was defective by reason of its generality. But in view of the reversal of the case upon other grounds, whether or not under the circumstances his failure to give a proper charge should be deemed error, we need not determine.

There were no witnesses to the circumstances which led to the accident, except the plaintiff himself and Ed. Moore, the foreman. The latter was plaintiff's own witness. The main testimony from which the jury might have inferred that plaintiff was guilty of contributory negligence came from his own mouth. Such being the case, the court gave the following charge upon the burden of proof upon the issue of plaintiff's negligence: "On the other hand, if plaintiff shall have established his case by a preponderance of the evidence, then the burden rests upon the defendant to establish by a preponderance of the evidence the defense of contributory negligence pleaded by it; that is, to show that if plaintiff had exercised such care and prudence as a person of ordinary prudence would have exercised under the circumstances. he could have prevented the accident and the injuries resulting therefrom, and that he failed to exercise such care and prudence." The defendant requested the following instruction upon the issue, but it was refused by the court: "The burden of proof is on the defendant to show the contributory negligence of the plaintiff, unless it appears from the plaintiff's own evidence. If it does so appear, you will find for the defendant." We are of the opinion, that the charge should have been given. Clearly, if plaintiff's own testimony showed that he was negligent, he could not recover. By one learned in the law, the court's charge would not have been construed as excluding that testimony in determining the question; but the jury may have understood

it as instructing them, that in order for the defendant to prevail upon the issue, it must have adduced some evidence—or in other words, that there must have been some evidence coming from its own side tending to show contributory negligence—although the plaintiff's evidence may have made that fact apparent. The charge requested was proper, and under the circumstances it was error to refuse it.

We are also of opinion, that the court erred in refusing the following special instruction asked by counsel for the defendant: "You will find for the defendant, unless you believe from the evidence that the injuries sustained by the plaintiff were the proximate result of the negligence charged; that is to say, unless, in view of all the facts and circumstances at the time, such injuries might have been reasonably foreseen as likely to ensue from the alleged negligence, if any." The proposition involved in this requested instruction is not embraced in the charge of the court. In Sharp v. Powell, L. R., 7 C. P., 253, Bovill, C. J., says: "When there is no reason to expect it, and no knowledge in the person doing the wrongful act that such a state of things exists as to render the damage probable, if injury does result to a third person, it is generally considered that the wrongful act is not the proximate cause of the injury, so as to render the wrongdoer liable to an action." The question of proximate cause is usually one for the jury. Ought Moore reasonably to have anticipated, that from his letting the car proceed as it did injury would probably result to the plaintiff? Ought he to have foreseen, that before reaching plaintiff the car would attain such a rate of speed as to make it dangerous to mount it? And if so, ought he to have anticipated that plaintiff would mount it, notwithstanding the extra hazard resulting from its extra rapidity of motion? These questions should have been submitted in some form to the jury, and they should have been instructed, that if found in the negative, the plaintiff could not recover. The charge appropriately presented the issue, and we are of the opinion that it should have been given.

Upon the question whether or not Moore had the power to employ and discharge the plaintiff, there was a serious conflict in the evidence. Moore, who was plaintiff's witness, testified unequivocally that he had not. The person who was the local agent at Toyah at the time of the accident, but who was no longer in the company's service, deposed that he had that power, and that Moore did not. They were corroborated by other witnesses who were in position to know the fact. On the other hand, other persons, who were employed at the station in question at and about the time of the accident, testified, that he did have that power. Such being the state of the evidence, the plaintiff was permitted, over the objections of the defendant, to introduce testimony to show, that it was the custom of other railroads in Texas to authorize the yard master or yard foreman to employ and discharge the hands who were to work under him. In our opinion, the testimony was clearly inadmissible. This is not like a case in which one of the parties to a contract

seeks to import into it a stipulation upon which it is silent, by proving, that by the uniform usage of the particular trade such stipulation was understood to be implied. Nor is it like a case in which, upon a question of the negligence of a railroad company, such, for example, as in failing to provide a train with a sufficient crew, evidence as to the custom of other railroad companies may be admitted as a circumstance tending to show that the crew in the particular case was not sufficient. Here there is no question of prudence involved. The main question upon which the evidence was admitted was, did a certain servant of a railway company have a certain authority? Did the fact that other railroad companies gave that authority to such servants tend to throw light upon the question? We think not. It is a matter of policy in the management of internal affairs, upon which one manager would have one opinion, while another or all others might pursue a different course. One owner of a plantation might intrust his superintendent with power to employ and discharge hands; another might reserve that right to himself, or commit it to another agent. The contention of the defendant company in this case was, that the duty of employing and discharging hands was committed by it to a yard master, but that at small stations like Toyah they employed no yard masters, but yard foremen, and that there the station agent discharged the duties of the yard master. No reason exists for uniformity of practice in the matter; indeed, prudent management might dictate, that even at the same station the question of authority to be conferred upon the agent or foreman should be determined not by the place filled by such employes, but by their relative fitness and capacity for the discharge of the particular duty. The "force and efficiency" of circumstantial evidence "must necessarily depend either on the known and ordinary connection between the facts proved and the facts disputed, or on the force and tendency of the facts proved to establish the proof of the disputed fact or issue by excluding any other supposition." Starkie on Ev., Sharswood ed., p. 81. The evidence as to the custom of other roads did not come up to this standard, and should have been excluded. It was calculated rather to mislead than to enlighten the jury. We think, however, that testimony of witnesses who know the fact that the yard foremen at Toyah and at stations on defendant's line of a like character were accustomed to employ and discharge hands, was, in view of the conflicting evidence in the case, admissible as having a tendency to show that Moore, at the time of the accident, had the authority in question. But the conditions at large stations, where much freight and many cars were to be handled, are so different from those at small places, that we are of opinion, that the practice at the latter raises no presumption that the same practice existed at the former. In no case, however, should a witness be permitted to testify as to the fact of the existence of the foreman's authority at any station, unless he knows of his own knowledge of the authority being communicated,

or has knowledge of the existence of the fact by being present when such foreman actually employed or discharged hands.

The accident in this case occurred before the passage of the Act of March 10, 1891, and this opinion is therefore predicated upon the law as it formerly existed.

*Reversed.*

Delivered June 27, 1895.