MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY v. JOHN PENNY.

Decided May 6, 1905.

**1.—Negligence—Speed of Train—Proximate Cause.**

Where a railroad employe was, by reason of a cinder pile in the yards, caused to fall on the track in front of an advancing train, and the evidence tended to show that he would have had time to remove himself from the track if the train had been running at not exceeding six miles per hour, as required by a city ordinance, this was sufficient to raise the issues that the speed of the train was the proximate cause of the injury.

**2.—Same—Charge.**

The omission to charge that the speed of the train was not the proximate cause of the injury unless under all the circumstances ordinary prudence would have admonished those operating the train that the excess of speed over six miles per hour would probably result in injury to some one in the yard, was not error in the absence of a request for such a charge.

**3.—Same—Issue not Submitted—Charge.**

Where the petition charged negligence in running the train at an excessive rate of speed and also in allowing a pile of cinders near the track, and the charge submitted as ground for recovery the negligence as to speed and authorized a recovery only if it was found the proximate cause of the injury, the other issue was sufficiently withdrawn, and it was not error to refuse a charge that plaintiff could not recover if his stumbling and falling over the cinder pile was the proximate cause of his injury.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

*T. S. Miller* and *Smith & Wall,* for appellant.—1.—The testimony in this case fails to show that the violation of the speed ordinance of the city of Greenville, if there was such a violation, caused appellee's injuries, and the court should have instructed the jury to return a verdict for appellant. Railway v. Nixon, 52 Texas, 19; Railway v. Nycum, 34 S. W. Rep., 460; Railway v. Jordan, 1 Texas App. Con. Cas., secs. 859, 862.

2. Appellee in his petition having alleged that his injuries were caused through the negligence of appellant by reason of permitting a pile of cinders and clinkers to be near its track, and the testimony in this case having shown that appellee was caused to fall upon the track and to have received his injuries by reason of stumbling on these clinkers, some such charge as this should have been given to the jury, especially in view of the fact that this issue was not by charge withdrawn from the jury, nor in any way submitted to them. Railway v. Underwood, 64 Texas, 463; Blackwell v. Hunnicutt, 69 Texas, 276.

3. The issue as to whether appellee was caused to be injured by

reason of a cinder pile near appellant's track, was raised by both the pleadings and the evidence, and appellant was entitled to a charge upon this phase of the case. Railway v. McGlamory, 89 Texas, 635.

*Wolfe, Hare & Maxey,* for appellee.—1. Appellant's requested charge instructing a verdict was properly refused, because there was evidence from which the jury were warranted in finding that appellee's injuries were produced by appellant's negligence in running its train at a greater rate of speed than permitted by the ordinance of the city of Greenville. International & G. N. Ry. Co. v. Newberry, 58 S. W. Rep., 542; Texas & P. Ry. Co. v. Mosely, 58 S. W. Rep., 48; City Galveston v. Pasnainsky, 62 Texas, 134; San Antonio's Gas and Elec. Co. v. Spugle, 60 S. W. Rep., 884; Fort Worth & C. Ry. Co. v. Nuly, 60 S. W. Rep., 282; Mexican Nat. Ry. Co. v. Mussett, 86 Texas, 708; Gonzales v. City Galveston, 84 Texas, 6.

2. An issue made by the pleading is sufficiently withdrawn when the court, by his charge, limits the right of the plaintiff to recover to a specified ground, and specially charges to find for the defendant unless they find for the plaintiff on such specified ground. Railway v. McCarty, 82 Texas, 608; Railway v. Doyle, 25 S. W. Rep., 461.

TALBOT, Associate Justice.—Appellee, Penny, brought this suit against appellant to recover damages for personal injuries received through the negligence of appellant's servants in the operation of one of its freight trains in the city of Greenville on September 12, 1902.

At the time injured appellee was an employe of appellant. He had been engaged with other employes of appellant in loading crossties upon its trains along its line of railway. These employes were known as the "tie-gang," and the train upon which they had been loading ties was known as the "tie-train." This train was carried into the city of Greenville about four or five o'clock p. m. of the evening that appellee received his injuries, and placed in the northern part of appellant's yard. There was incorporated in this train a boarding car, furnished by appellant, in which appellee and his coemployes slept and took their meals. Appellee had been down in the business part of the city of Greenville, and, when injured, which was about ten o'clock at night, he was returning to the boarding car to spend the night. In going to this car it became necessary to pass over and along several of appellant's railroad tracks, and while appellee was walking along by the side of one of these tracks and at a point where there was a sharp curve therein, he became suddenly aware that an engine and train of cars of appellant were rapidly approaching him from the rear. This engine and train of cars were very close to appellee when discovered by him, and running at the rate of about twenty or twenty-five miles an hour. Appellee was not walking on the track, but near it, and for the purpose of putting himself in a place where there would be no danger of being struck by the engine or cars in said train, he attempted to step to one side and as he did so he stepped upon or against a pile of cinders and clinkers that had been left by appellant by the side of the track, which was unknown to appellee, and was thereby caused to stumble and fall upon the track upon which said

engine and cars were running, and on account of the rapid rate of speed at which the same were moving, they reached the point where appellee fell before he had time to get off said track, and struck and ran over his feet, crushing them to such an extent as to require amputation. By an ordinance of the city of Greenville in force at the time appellee was injured it was made a misdemeanor punishable by fine to run any railway engine or car within its corporate limits at a greater rate of speed than six miles per hour.

There were several grounds of negligence alleged, but we deem it necessary to state only the following, viz: (1) That the train that injured appellee was being negligently and in violation of the city ordinance of the city of Greenville run and operated by appellant's employes in charge thereof at a greater rate of speed than six miles per hour, and that the rapid rate of speed at which such train was being run was the proximate cause of appellee's injuries; (2) That appellant negligently placed and permitted to remain at and near its railroad track at the point where appellee was injured, a pile of cinders and clinkers upon which appellee stumbled and was caused to fall in attempting to get out of the way of the train causing his injuries.

Appellant answered by general denial, contributory negligence, assumed risk, and specially that appellee was injured while trying to board one of appellant's trains in its yard. The only issues submitted by the court in his charge to the jury were, whether appellant's train at the time of the accident was running at a greater rate of speed than six miles an hour in violation of the ordinance of the city of Greenville, and thus proximately caused appellee's injuries; and whether appellee was guilty of contributory negligence in attempting to board appellant's train, or in failing to keep a proper lookout for approaching trains, or in walking where he was at the time injured. A jury trial resulted in a verdict and judgment for appellee in the sum of $7,000, from which appellant has appealed.

Appellant's first assignment of error complains of the refusal of the court to give the following requested charge: "The evidence in this case failing to disclose any liability on the part of the defendant you are instructed to find a verdict for the defendant." The contention is that the testimony fails to show that the violation of the speed ordinance of the city of Greenville, if there was such violation, caused appellee's injuries. In this contention we do not concur. The evidence shows that the train in question was running at a much greater rate of speed than six miles an hour, and was sufficient to raise the issue that such speed was the proximate cause of appellee's injuries. It may be true that the cinder pile over which appellee stumbled and was caused to fall was a concurring cause to bring about his injuries, but we do not understand that because of such fact he would be precluded from a recovery. Notwithstanding the cinder pile caused appellee to fall upon appellant's railroad track and he was thereby placed in a position of danger, yet if he would have had time to extricate himself from such danger by removing his limbs from the track had the train been running at a rate of speed not in excess of six miles an hour, then we think it may reasonably be said that such excessive

rate of speed of the train was the direct and proximate cause of his injuries. That he would have had such time had the ordinance in question been observed by appellant's servants in charge of the train is made reasonably certain from the fact that, although appellee's entire body fell upon the track, he succeeded, in the short time afforded him, to remove all of it except his feet before the train struck him. Unless the evidence was so conclusive with respect to this question that reasonable minds could not differ as to the conclusion to be drawn from it, then the court was not authorized to withdraw the issue from the jury. We are of the opinion that it was not of such conclusive character, and the court correctly declined to give the charge requested.

But it is insisted that it can not be said that the speed of the train was the proximate cause of appellee's injuries unless "under all the attendant circumstances, ordinary prudence would have admonished those operating the train that such excess of speed would probably result in injury to some one in the yard." In support of this contention we are cited to the cases of Texas & Pacific Ry. Co. v. Reed, 88 Texas, 439, and Railway Co. v. Powell, 41 S. W. Rep., 695. The principle of law contended for is affirmed in the cases cited, and doubtless a correct application of it made. In both of those cases, however, a special charge was asked upon the subject. In the case at bar there was none. In the first case referred to the court said: "The special charge appropriately presented the issue, and it should have been given." In the second case, the proposition of law announced in the Reed case, supra, is recognized, but it appears that the court did not approve the special charge asked, and for that reason did not concur in the contention that it was error to refuse it. This special charge is not set out in the court's opinion, nor is the defect therein pointed out. There were other grounds upon which the case was reversed, however, and we can not tell what disposition would have been made of the appeal had the question under consideration alone been involved. The court said a proper charge should have been given, submitting the issue, but we infer this was done in view of the fact that the special charge, although defective, was sufficient to require at the hands of the court the preparation and giving of a correct charge. Our conclusion is, that in the absence of a proper special charge requesting the submission of the issue, or one sufficient to call the court's attention to the omission of such issue from the main charge, the failure to submit it is not reversible error.

Appellant requested the court to charge the jury as follows: "If you believe from the evidence that at the time plaintiff received his injuries he was walking in the yards of defendant at Greenville and stumbled or fell upon a pile of cinders and rolled under the cars, that his injuries were directly and proximately caused by the cinder pile, and that the running of the train at a greater rate of speed than six miles per hour, if you believe it was being so run, did not proximately contribute to cause plaintiff's injuries, you will find for the defendant." We think the court did not err in refusing to give this charge. The presence of the pile of cinders near appellant's railroad track and upon which it is alleged appellee stumbled and was caused

to fall, was not submitted to the jury as a ground of negligence upon which appellee might recover. It is believed, however, that the evidence authorized the submission of such issue, and that had it been submitted, a finding favorable to appellee upon it would have been justified. Such being the case, in the absence of an appropriate instruction submitting such issue, the failure to give the special charge under consideration resulted in no injury to appellant, and it will not be heard to complain. Besides, the jury was distinctly instructed, in effect, that if they did not believe from the evidence that the running of the train, causing appellee's injuries, at a greater rate of speed than six miles per hour was the proximate cause of such injuries, then to return a verdict for appellant. Again, we think the jury was authorized to find under the evidence that the presence of the cinder pile and the running of the train at a greater rate of speed than six miles an hour were concurring causes proximately resulting in appellee's injuries, and that if the giving of the special charge in question would not have been positive error, it would have been confusing and misleading to the jury on the issue of proximate cause.

Nor do we think any injury resulted to appellant on account of the court's failure to expressly withdraw from the consideration of the jury the said issue of negligence arising on appellee's allegations of the existence of the pile of cinders and its agency in contributing to cause appellee's injuries. This issue, in our opinion, was sufficiently withdrawn to avert any injury which might otherwise have resulted to appellant by the failure to submit it and by the restriction of appellee's right of recovery in the court's charge to a finding by the jury that the train which injured appellee was being run at a rate of speed in excess of six miles an hour and that such rate of speed was the proximate cause of the injuries received. Every phase of contributory negligence raised by the evidence was fairly submitted to the jury by the court's charge, and found adversely to appellant. These findings are sustained by the testimony and will not be disturbed.

The several assignments of error relating to special charges refused and the admission of testimony, over the objections of appellant, have all been carefully considered. We think no reversible error is pointed out by any of them, and for that reason they are overruled.

Our conclusion upon the whole case is, that appellee's injuries were the result of appellant's negligence as found by the jury; that appellee was not guilty of contributory negligence, and that the verdict of the jury is not excessive.

The judgment of the court below is, therefore, affirmed.

*Affirmed.*

Writ of error refused.