### EL PASO ELECTRIC RAILWAY COMPANY V. WILLIAM RYAN.

Decided December 23, 1908.

**1.—Personal Injuries—Pleading of Plaintiff—Contributory Negligence.**

In an action for damages for personal injuries, pleading of plaintiff considered, and held to contain nothing which would indicate prima facie that plaintiff was guilty of contributory negligence, and hence it was not error for the court to charge that the burden was upon the defendant to establish such defense.

**2.—Personal Injuries—Contributory Negligence—Burden of Proof—Charge.**

In an action for damages for personal injuries, under an assignment of error that the charge of the court, by placing the burden of proof on the defendant to establish its defense of contributory negligence, excluded from the consideration of the jury the evidence introduced by the plaintiff, evidence introduced by the respective parties compared, and held, because the plaintiff's evidence contained nothing which the defendant had not proved, the error, if any, was harmless.

**3.—Personal Injuries—Negligence of Defendant—Evidence.**

In an action for damages for personal injuries received while lying in an unconscious condition upon a public crossing over a railroad track, evidence considered, and held sufficient to support a verdict against the defendant on the ground that it was negligent in not exercising reasonable care to keep a lookout for persons in that locality.

**4.—Railroad Track—Use by Public—Knowledge of Defendant—Evidence.**

Evidence considered, and held sufficient to authorize the presumption of fact that the use by the public of a certain crossing over a railroad track was known to and acquiesced in by the railroad company.

**5.—Contributory Negligence—Partial Intoxication—Charge.**

Upon the issue of contributory negligence caused by partial intoxication, charge of the court considered in a suit for personal injuries, and held to sufficiently submit said issue.

Appeal from the Forty-first Judicial District, El Paso County. Tried below before Hon. J. M. Goggin.

*Leigh Clark* and *Nagle & Scott,* for appellant. *Baker, Botts, Parker & Garwood,* of counsel.—The evidence of plaintiff and his own witnesses raised the issue of his being guilty of contributory negligence, and required the court to charge thereon, and it was error to charge the jury that the burden of proof was upon defendant to establish the defense of contributory negligence, because such charge was calculated to lead the jury to believe that they should consider only the evidence offered by defendant upon that issue. Gulf, C. & S. F. Ry. Co. v. Hill, 69 S. W., 136; Texas & P. Ry. Co. v. Reed, 31 S. W., 1058; Denison & S. Ry. Co. v. Carter, 70 S. W., 322; Gulf, C. & S. F. Ry. Co. v. Robinson, 72 S. W., 70.

*Patterson & Wallace,* for appellee.

JAMES, CHIEF JUSTICE.—The action was for damages, plaintiff alleging that defendant's line of railway runs through the Fort Bliss Military Reservation, and where he received his injury was a place used by the soldiers and the public as a crossing at all times of the day and night, which fact was known and acquiesced in by the defendant; that in using said crossing plaintiff fell and struck his head on a rail, or some other hard substance, and was rendered unconscious, and while lying there he was struck by one of the cars and his hand was caught under the wheels, or in some manner by the car, and injured permanently. The negligence alleged was failure to exercise ordinary care in keeping a lookout at that place to discover plaintiff's peril and to avoid injuring him; that when he fell the car was within a short distance of the post, and by means of the headlight defendant's employees, by the exercise of proper care, could have seen plaintiff at the time and prior to the time he fell, which was on or so near the track as to place him in great danger of being struck by the car; and that by reason of the fact that when he fell he was rendered unconscious, he had no means of avoiding the danger. There was a verdict for plaintiff for $500.

The first and second assignments present the following propositions:

First. "The evidence of plaintiff and his own witnesses raised the issues of his being guilty of contributory negligence and required the court to charge thereon; and it was error to charge the jury that the burden of proof was upon defendant to establish the defense of contributory negligence, because such charge was calculated to lead the jury to believe that they should consider only the evidence offered by defendant upon that issue."

Second. "It was error to charge that the burden of proof was upon defendant to establish its defense of contributory negligence, because the facts pleaded by plaintiff are such as to establish *prima facie* negligence on the part of plaintiff, as a matter of law, and it was necessary that he plead and prove such other facts as would rebut such legal presumption."

The latter of these propositions is clearly not well taken. There was nothing alleged by plaintiff which indicated that he was guilty of negli-

gence either in being upon or at the track (the allegations negativing that he was a trespasser) or in the mere fact of his falling down and lying there in an unconscious state.

As to the former of these propositions, the testimony quoted and relied on by appellant is: "Plaintiff as a witness testified that he left the post at seven o'clock on the night of the accident, and came to El Paso, where he stayed until nine o'clock, when he returned to the post, which he reached about 9:25 o'clock, and the accident happened at about 11 o'clock; that while in El Paso he drank four or five glasses of beer." Stromberg, a witness for plaintiff, testified that he saw plaintiff about twenty minutes before the accident; that he thinks plaintiff had been drinking. The witness testified on the Board of Inquiry that plaintiff was drinking, but sober enough to attend to duty, but that he was drinking and under the influence of liquor. That he would like to have it understood what he meant by under the influence of liquor. "I mean that he was—had been drinking; you would notice that he had been drinking." The above are all that appellant relies on.

Stromberg testified that he saw Ryan twenty minutes before the occurrence, when Ryan came to him to report that he was off pass; that he appeared to be sober at the time; that he talked to him, and had all the senses at the time; that he was sober as far as his ability to take care of himself was concerned.

We see nothing in the testimony adduced by plaintiff that would prove or imply that plaintiff's injury was due to his own negligence.

The same facts were developed by the witnesses for defendant. The post surgeon testified for defendant that when he went to Ryan, as he was lying near the car track, that the latter acted like a man who had been drinking some; that he did not see him walk, but his manner and talk indicated that he had been drinking; that he judged he had been drinking from the way he talked; that he never saw him drinking any. The Lieutenant testified for defendant that Ryan appeared to have been drinking—that he smelled whiskey on him; that he asked Ryan what he was doing there by the track, and he said: "I was coming from over in that direction," pointing towards the direction where lots of soldiers go, towards Ford's saloon, and "it has been a long time ago, so I don't remember whether I remember the exact words, but he said something about feeling sick and dizzy and laid down there and went to sleep. . . . I am willing to swear I smelt whiskey." Another witness testified for defendant that he smelt whiskey around there, but whether it was the injured man or some other people around there he couldn't say, but he was very close to the man and certainly detected the odor of whiskey.

We have stated this testimony merely to show that it embodied in substance everything that plaintiff and his witness had testified to, and in addition facts which went to show that he had been drinking whiskey, and was so under the influence of liquor that it caused him to lie down and go to sleep upon or at the track. Plaintiff denied making the statement to the Lieutenant.

Appellant cites the case of Texas & Pac. Ry. v. Reed, 88 Texas, 447, and Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629, where a charge such as this one on contributory negligence was held to be erroneous because it

was calculated to lead the jury to consider alone the evidence offered by the defendant on that issue. But we apprehend that this is not so, unless plaintiff's evidence adds something more going to show his contributory negligence, which the jury might be misled from considering. That plaintiff had been drinking, and that this was apparent from the way he talked, was shown by the testimony produced by defendant, as well as by that introduced by plaintiff. This fact and this testimony the jury could not have overlooked in proceeding upon the instruction.

In regard to the third assignment we find, as facts involved in the testimony and in deference to the jury's finding, that plaintiff's version of the occurrence is not an impossible one; that the jury were warranted in finding contrary to the testimony of Lieutenant Miller; that, although the accident took place in the night, the situation was such that reasonable care was required of those operating the car to keep a lookout for persons at this locality, and that by means of the headlight plaintiff's danger would have been observed and avoided had such care been taken; that plaintiff was not a trespasser; that the place had been in use as a crossing in such manner and for such time as required such care; and that the accident was not due to plaintiff's being intoxicated.

The fourth complains of the refusal to charge that there was no evidence that the use of the track at or near the place of accident as a pathway for soldiers and citizens, or if it was so used that it was with the knowledge, consent or acquiescence of defendant. The proposition advanced is that there was no evidence that such use was with the knowledge, consent or acquiescence of the defendant, and the jury should have been instructed not to consider the evidence as to such use as authorizing plaintiff to use the track.

The testimony was, in our opinion, sufficient to authorize the presumption of fact that the use was known to and acquiesced in by defendant. A witness testified that the place was used generally by men that came up in the evening and walked down across the railroad track to go over to a saloon across the track; that he could not state to what extent it was used; that it was used something like a public thoroughfare.

Another testified: "That track from the guard house or car station down to the Rock Island Station is used considerably—that is, I mean going up and down. It is used at night generally. Soldiers frequently use this track where Mr. Ryan got hurt, walking down there. They use it a great deal, the men do, to go down to catch the street car at the Rock Island crossing."

Plaintiff testified: "There is no other opening in the barbed wire fence except where the street car crosses it, that I have ever seen. When the men want to take the car at the Rock Island crossing they walk down the railway track to the crossing from the guard house, and in coming back they walk up the track. They have been doing this ever since I have been there, since the 17th of June, 1907." The trial took place April 22, 1908. The accident took place inside of the reservation. The question was one of fact which the court could not properly deal with otherwise.

The fifth assignment fails with the fourth.

The sixth complains of the refusal of the following charge:

"The evidence shows that at the time of the accident to plaintiff he had been drinking; now, you are charged that if you believe from the evidence that the plaintiff at said time was not intoxicated, but that the effect of the beverage he had drunk upon him was such as to place him in such a condition, or to cause him to get into such a condition, if any, that he put himself, or fell, in such a way upon or near the track of the defendant as to be injured by one of defendant's cars, and that but for such effect, if any, of what he had drunk, he would not have fallen or otherwise got into such place of danger as to be thereby injured, then, in such event, you will return your verdict for the defendant."

The proposition is that the jury might have concluded that plaintiff was not intoxicated, and yet have believed that but for the beverage he had drunk he would not have been injured, and it was the right of the defendant to have this theory of its defense presented to the jury.

If plaintiff was not intoxicated, intoxication had nothing to do with the accident. If he was partially intoxicated, as the requested charge would imply, so as to render him reckless or negligent, he was intoxicated to that extent, and the following charge given by the court, at defendant's request, amply covered the matter: "If you believe from the evidence that at the time of the accident to plaintiff he was in a state of intoxication, and that such state of intoxication, if any, placed him in such a condition that he was unable and failed to exercise the care and caution that a reasonably prudent person would have exercised to have avoided injury to himself under similar circumstances, and that by reason of such condition, if any, he was injured, then in such event you will find for the defendant." Judgment affirmed.

*Affirmed*