GALVESTON, H. & S. A. RY. CO. et al. v. BURR et al. (No. 8892.)*

(Court of Civil Appeals of Texas. Galveston. Dec. 22, 1926. Rehearing Denied Feb. 10, 1927.)

1. Appeal and error ☞1062(1)—Submission of unreasonable issues of negligence held not reversible error where jury found in favor of appellants on those issues.

Submission of unreasonable issues of negligence *held* not reversible error, where it was apparent from verdict that jury were not misled by error, since they found in favor of appellants on those issues.

2. Trial ☞350(7)—Submitting special issue whether speed of automobile in which deceased rode was negligent operation of automobile from standpoint of safety of occupants held erroneous.

In action for death of motorist killed at railroad crossing, submitting special issue whether speed at which automobile in which deceased was riding at time of accident in approaching crossing was negligent operation of automobile from standpoint of safety of occupants *held* erroneous.

3. Trial ☞350(7)—Refusal to submit special issue whether speed at which automobile was driven while approaching crossing was "negligence," as that term was correctly defined, held error.

In action for death of motorist killed at railroad crossing, refusal to submit special issue whether rate of speed at which automobile was driven as it approached crossing was "negligence," as that term had been correctly defined, *held* error.

4. Trial ☞350(6)—Submitting special issue authorizing finding of railroad's negligence, though dangerous condition at crossing was unknown, held prejudicial error.

In action for death of motorist killed by train at railroad crossing, charge submitting special issue authorizing jury to find defendants negligent, if unusually dangerous condition of crossing at time of accident was only temporary, and caused by circumstances unknown to defendants, *held* prejudicial error.

5. Railroads ☞307(4)—Railroad held not negligent in failing to have watchman at crossing, unless it knew of dangerous condition.

Where unusually dangerous condition at railroad crossing existed only at particular time of accident, railroad could not be charged with negligence in failing to have watchman or some device there to warn persons using crossing of approaching trains, unless they knew of circumstances causing unusually dangerous condition.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by Willie May Burr and others against the Galveston, Harrisburg & San Antonio Railway Company and others. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Baker, Botts, Parker & Garwood and Garrison & Watson, all of Houston (John T. Garrison, of Houston, of counsel), for appellants.

Bryan, Colgin, Suhr & Baring and Ewing Werlein, all of Houston, for appellees.

PLEASANTS, C. J. This suit is brought by appellees to recover damages from appellants in the sum of $25,000 for the loss sustained by them in the death of William Burr, the father of appellee, Willie Burr, and the son and husband, respectively, of the remaining plaintiffs.

The petition alleges that the death of William Burr was caused by the negligence of one or both of the defendants, their agents and employees, in the operation of a railway train on the track of the defendant, Galveston, Harrisburg & San Antonio Railway Company, in the city of Harrisburg.

Twenty-one acts of negligence causing or contributing to the death of the deceased are alleged in the petition, but we shall only state in this opinion the issues of negligence submitted to the jury.

The defendants answered by general demurrer, special exceptions, and general denial and pleas of contributory negligence of the deceased.

The cause was submitted to a jury upon special issues, and upon the verdict returned judgment was rendered in favor of the plaintiffs against both defendants for sums aggregating the sum of $5,100.

The evidence shows that William Burr was killed by a train operated by defendants on a switch track of the Galveston, Harrisburg & San Antonio Railway Company in the city of Harrisburg. This track crosses Elm street in the city, and the accident occurred at this crossing.

The following grounds of negligence were submitted to the jury:

"Special issue No. 1. Did the employees of the train in question at the time of the accident fail to keep a reasonable lookout for persons who might be crossing, or attempting to cross, the crossing in question where the accident occurred?"

"Special issue No. 4. Did the employees of the train in question fail and omit to blow a whistle at a distance of at least 1,320 feet from the crossing?"

"Special issue No 5. Did the employees of the train in question fail and omit to blow the whistle as said leading freight car was approaching said public crossing?"

"Special issue No. 8. Was the failure of said railway company to provide a whistle or horn on said leading freight car negligence as that term is herein defined?"

"Special issue No. 10. Did the employees of the train in question, as said train was being

backed or pushed, and as said leading car was approaching the crossing in question, fail and omit to continuously ring the bell of said engine from the time it was 1,320 feet from said crossing to the time said leading car reached such crossing?"

"Special issue No. 12. Was the failure to have on said leading car of the train in question a light burning brightly, where the same could be seen by those who might be undertaking to pass over such crossing, negligence as that term has been herein defined?"

"Special issue No. 14. Did defendants fail to have on said leading car of the train in question, as same was being backed or pushed toward and across Elm street, a brakeman with a lighted lantern?"

"Special issue No. 17. Was the railroad crossing at Elm street, at the time and on the occasion in question, under all the facts and circumstances, one of special and unusual danger to persons traveling over it while using Elm street?

"Special issue No. 18. Would one engaged in the operation of a train on the Elm street crossing, under the facts and circumstances before you, in the exercise of 'ordinary care,' as that term has been heretofore defined to you, have maintained a watchman or signal, or other device at or about said crossing, at the particular time of the accident in question, to give warning of danger of approaching trains?"

The jury answered all of these questions in favor of the defendants except Nos. 10, 17, and 18, which were answered in the affirmative. They further answered that the failure to ring the bell, as found by them in response to the 10th issue, was not negligence, and was not the proximate cause of the death of the deceased, but they answered that the negligent failure of defendants to keep a watchman or have there at the particular time of the accident some device or signal to give warning of the approaching train was the proximate cause of the death of the deceased.

Special issues Nos. 25 and 28, submitted to the jury, were as follows:

"Special issue No. 25. Was the rate of speed at which the automobile in which the deceased was riding at the time of the accident in approaching the crossing in question a negligent operation of said automobile, from the standpoint of the safety of its occupants?"

"Special issue No. 28. Did the deceased, at the time of the accident, fail to listen or keep a reasonable lookout for approaching trains?"

Both of these questions were answered in the negative.

The appellants' first attack upon the judgment is based upon the propositions, in substance, that the charge of the court in submitting so many grounds of negligence, which under the undisputed evidence could not have been found to be negligent acts or omissions on the part of the defendants, impressed the jury with the idea that the defendants were, in the opinion of the court, guilty of negli-

gence in some of the ways suggested by the charge, and was in effect a charge upon the weight of the evidence.

[1] We agree with appellants that reasonable minds cannot differ in the conclusion that several of the issues of negligence submitted by the charge cannot, under the undisputed evidence, be held a want of ordinary care on the part of the defendants, and for that reason should not have been submitted to the jury. But we are unwilling to hold that the submission of these unreasonable issues of negligence was such error in the charge as would authorize a reversal of the judgment. It is, we think, apparent from the verdict that the jury were not misled by this error in the charge, because they found in favor of appellants upon all of these hypothetical grounds of negligence.

[2, 3] Appellants next complain of the charge of the court submitting the issue of contributory negligence pleaded by them in the speed at which the deceased approached the crossing, and the refusal of the court to submit this issue in the manner requested by them. This issue was submitted to the jury by the following question:

"Was the rate of speed at which the automobile in which the deceased was riding at the time of the accident in approaching the crossing in question a negligent operation of said automobile from the standpoint of the safety of its occupants?"

Appellants requested the court to submit the issue as follows:

"Was the rate of speed at which the automobile was being operated as it approached the crossing negligence as that term has been defined?"

The form of the question submitting this issue in the charge of the court was erroneous, in that it gave the jury a false rule for determining the question of whether the speed at which the automobile approached the crossing was negligent. There may have been no negligence in the speed of the automobile from the standpoint of the safety of its occupants, if the speed alone was considered, disassociated from the conditions existing at the time and place. The charge of the court had correctly instructed the jury as to the meaning of negligence and ordinary care. Under the definitions of those terms as given in the charge, the question of whether the speed at which the automobile approached the crossing was negligence depended on whether a reasonably prudent person would under the same or similar circumstances have approached the crossing at that speed, and not what the jury may have regarded as "the standpoint of safety of its occupants." This issue of contributory negligence of the deceased was raised by the pleading and evidence, and appellants were entitled to have the issue properly submitted to the jury.

Texas & P. Ry. Co. v. Reed, 88 Tex. 446, 31 S. W. 1058. We cannot hold that the refusal of the trial court to correctly submit the issue was harmless error, and not such a denial of the rights of appellants as was reasonably calculated to cause, and probably did cause, an improper judgment.

[4, 5] Appellants further complain of the charge submitting the issue of whether the railroad crossing at Elm street was "at the time and on the occasion in question one of special danger to persons traveling over it while using Elm street," and authorizing the jury, if they so found, to find the appellants negligent in failing "to have and maintain a watchman or signal or other device at or about said crossing at the particular time of the accident in question to give warning of danger of approaching trains."

If the crossing, by reason of the known general conditions surrounding it, was one unusually dangerous to persons using the street, ordinary care might have required the appellants to have a watchman or some device there to give warning of the approach of trains, but, if it was unusually dangerous only at the particular time of the accident and such dangerous condition was caused by unusual circumstances existing at that time, appellant could not be charged with negligence in failing to have a watchman there or some device to warn persons using the crossing of the approaching train, unless they knew of the circumstances causing the unusually dangerous condition. The evidence shows that the crossing at which the accident occurred was in a portion of the city of Harrisburg in which the negro citizens resided, and at the time of the accident two entertainments for these citizens were in progress, one at a church on one side of the crossing and the other at an auditorium on the opposite side. In these circumstances the number of persons using the crossing was unusual. If the crossing, because of the number of persons using it at that time, was rendered unusually dangerous, appellants could not be held negligent in not providing against such unusual danger, unless they knew of the conditions which caused the danger.

The charge of the court before set out authorized the jury to find the defendants negligent, if the unusually dangerous condition of the crossing at the time of the accident was only temporary, and caused by circumstances unknown to the defendants. Such erroneous submission of this issue was clearly prejudicial to appellants' rights. If any errors are pointed out in other propositions presented in appellants' brief, they are not material, and not such as will likely occur upon another trial.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

---

On Motion for Rehearing.

PER CURIAM. Rehearing denied.

GRAVES, J. I concur in the refusal of the rehearing on the other grounds assigned in our original opinion, but the argument in appellees' motion has convinced me of error in our holding that the form in which special issue No. 25 was submitted constituted reversible error. It dealt with the issue as to the deceased's contributory negligence in the manner of his approach to the crossing, and, while the form of the inquiry as requested by appellants was preferable, I agree with appellees that, as given by the court, it was not in legal effect materially different; hence furnished no cause for reversal.