ABILENE GAS & ELECTRIC CO. v. THOMAS et al. (No. 698.)

(Court of Civil Appeals of Texas. El Paso. April 26, 1917.)

1. ELECTRICITY ⊚⟹19(8) — JURY QUESTION — NEGLIGENCE.
 Where plaintiff's husband was electrocuted by a broken electric transmission line, a witness' testimony *held* to make defendant's negligence in not having automatic circuit breakers attached to the line a jury question.
 [Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11.]

2. ELECTRICITY ⊚⟹19(13) — REQUESTED INSTRUCTIONS—NEGLIGENCE.
 Where the general charge authorized a recovery if defendant was negligent in constructing, operating, or maintaining its electric plant, it was error to refuse instructions eliminating grounds of negligence alleged but not supported by evidence.
 [Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11.]

3. ELECTRICITY ⊚⟹19(13) — INSTRUCTIONS—NEGLIGENCE.
 Where plaintiff's husband was electrocuted by broken transmission line, a requested instruction to find for defendant if the condition was caused by an owl flying against the wires, it was properly refused where there was evidence that even in such a case a circuit breaker would have prevented the injury.
 [Ed. Note.—For other cases, see Electricity, Cent. Dig. § 11.]

4. TRIAL ⊚⟹191(7) — INSTRUCTIONS—ASSUMPTION OF FACTS—CONTRIBUTORY NEGLIGENCE.
 Instructions should not assume that certain facts constitute contributory negligence, but leave such issue to the jury.
 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 430.]

5. TRIAL ⊚⟹252(8) — INSTRUCTIONS — NEGLIGENCE—ISSUES.
 In an action to recover for death by electrocution, instructions submitting all issues of negligence raised by the pleadings are erroneous, where all but one were unsupported by evidence.
 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 603.]

6. TRIAL ⊚⟹193(3) — INSTRUCTIONS — NEGLIGENCE.
 In an action to recover for death by electrocution, an instruction that defendant's failure to turn off the current under certain circumstances constituted negligence is erroneous, since the trial court should not instruct whether certain facts constitute negligence.
 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 438.]

7. TRIAL ⊚⟹253(9)—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE—IGNORING EVIDENCE.
 In action to recover for death by electrocution, an instruction that defendant had the burden of proving deceased's contributory negligence is erroneous where plaintiff's testimony tended to establish such defense, since the jury might be led to believe they should consider only defendant's testimony upon that issue.
 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 620.]

Appeal from District Court, Taylor County; W. P. Mahaffey, Special Judge.

Action by Mattie Thomas and others against the Abilene Gas & Electric Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

J. M. Wagstaff and Cunningham & Oliver, all of Abilene, for appellant. Preston Martin, of Weatherford, and Scarborough & Davidson, of Abilene, for appellees.

HIGGINS, J. Mattie Thomas, for herself and as next friend for her minor children, brought this suit against appellant to recover damages resulting from the alleged negligent killing of A. J. Thomas, the husband of said Mattie Thomas and father of the minor children. The defendant owned and operated a

high tension electric transmission line extending from Abilene to Merkel, strung on poles erected along and adjacent to the Abilene-Merkel public road. The power plant was located in Abilene. The deceased with his family was traveling this road and camped for the night at a point in the road and adjacent to the electric line. During that night the line broke and the severed ends fell to the ground in close proximity to the camp site. The next morning deceased was driving his horse from the creek, where it had strayed, back to the camp site, and in doing so he and the horse came in contact with the end of the wire leading back to the power plant and which was heavily charged with electricity, and in consequence thereof they were both instantly electrocuted. Upon trial, verdict was returned and judgment rendered in favor of plaintiff and her minor children, and defendant appeals.

Complaint is first made that the surviving mother of deceased was a necessary party plaintiff, and the failure so to join her was error. The case must be reversed for other errors, and it is not necessary to pass upon this question or the kindred ones presented, as there is no occasion for same to arise upon retrial. She can be readily made a party.

[1] The peremptory instruction requested by defendant upon the theory that negligence was not shown was properly refused. The testimony of the witness Carroll is sufficient to raise an issue of negligence on the part of defendant in failing to have an automatic circuit breaker or switch attached to the Abilene-Merkel line, which would have automatically broken the current when the wire became severed. It is very true there is an abundance of evidence in the record to the effect that such an instrument would not have so broken the current, and that there is no practical instrument in use which would have done so, but the issue raised by Carroll's testimony was for the jury's determination. This is the only issue of negligence raised by the evidence; but in view of a retrial, we refrain from comment upon the probative effect of the evidence offered.

The peremptory instruction requested upon the theory that deceased was guilty of contributory negligence was likewise properly refused. For reasons indicated, we do not comment upon this phase of the evidence further than to say that it clearly does not present a case where the court would be authorized in assuming as a matter of law that deceased was guilty of contributory negligence.

Assignments Nos. 7 to 15 complain of the refusal of requested charges instructing the jury not to consider various allegations of negligence contained in the petition, and to support which no evidence was offered. The petition set up about 20 specific grounds of negligence as the basis of a recovery.

The affirmative presentation of plaintiff's right to recover was contained in those paragraphs of the general charge which read:

"VIII. I charge you that it was the duty of the defendant company to use ordinary care in the construction, maintenance, and operation of its said electric line from Abilene to Merkel, and to exercise ordinary care to so construct, maintain, and operate said line as to prevent injuring persons in and upon the public road from Abilene to Merkel, and if the defendant failed to exercise ordinary care in the construction, operation, and maintenance of such line, such failure would, in law, be negligence, and if you believe from the evidence in this case that the defendant was negligent in the construction, operation, and maintenance of said electric line, and that such negligence, if any, on the part of the defendant, was the proximate cause of its said wire breaking and falling in and upon said public road, and that plaintiff's husband and the said horse came in contact with said wire and were thereby killed, and that such killing was the direct and proximate result of the defendant's negligence, if any, and you should further believe and find that the plaintiffs have sustained any damages thereby, then you will find for the plaintiffs, unless you should further believe and find that plaintiffs' said husband and father was killed through his own contributory negligence, as that term is herein defined.

"IX. Or if you believe and find from the evidence that the defendant maintained proper and suitable appliances and devices at its power plant for the purpose of indicating when a wire charged with electricity was broken and down on the ground, or by the use of ordinary care and diligence it could have maintained such appliances and devices, but if you find that it failed to exercise ordinary care in maintaining said appliances and devices, or that it failed to exercise ordinary care as to the inspection and operation of such appliances, and you further find that if defendant had inspected such devices or appliances it could and would have been seen and known that such charged wire, if any, was broken and down on the ground in time to have prevented the injury, and that defendant failed to exercise ordinary care as to inspecting such appliances (if any), and if you further find that such failure (if any) was negligence, and that said negligence was a proximate cause of the death of the said A. J. Thomas, and the said horse, and that the said A. J. Thomas was not guilty of contributory negligence and that on account of his death, plaintiffs have sustained a pecuniary loss, you will find for the plaintiff.

"X. Or if you believe and find from the evidence that the defendant knew that one of its transmission wires was down and grounded upon said public road, or by the exercise of ordinary care and diligence could have known such facts, and knew that said broken and grounded wire was dangerous to persons in and upon said public road and that by the exercise of ordinary care the said defendant could have turned off the current of electricity from such wire, but that it failed to do so, and any injury resulted to plaintiffs' said husband and father as the direct and proximate result of such failure to turn off said current, then such failure, if any, on the part of the defendant, would, in law, constitute negligence, and if you further find and believe that plaintiffs' husband and father and said horse, as a result of said negligence, were killed, and that plaintiffs have sustained any pecuniary loss thereby, and that the said A. J. Thomas was not guilty of contributory negligence, then you will find for the plaintiffs.

"XI. Or if you believe and find from the evidence that the defendant knew, or by the exercise of ordinary care could have known, that one of its wires was broken and grounded on said line, and further believe from the evidence that the defendant, with such knowledge on its part,

turned into said wire, the current of electricity capable of endangering the lives of persons and animals along and upon such public road, and you further believe and find that such facts, if any, on the part of the defendant, was negligence, and you further believe that as a direct and proximate result of such negligence, if any, plaintiffs' husband and father was killed, and that the said A. J. Thomas was not guilty of contributory negligence, and that the plaintiffs sustained any pecuniary loss thereby, then you will find for the plaintiffs."

[2] It will be noted that this charge submits the issue of negligence in the construction, operation, and maintenance of the line as grounds of recovery in the very broadest and most general terms. So broad, in fact, that it authorized a recovery upon any grounds of negligence in the construction, operation, and maintenance of the plant which the evidence might disclose whether pleaded or not. In this condition of the general charge, it was error to· refuse instructions which withdrew from the consideration of the jury grounds of negligence alleged, but which were unsupported by the evidence. Railway Co. v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308; City of Greenville v. Branch, 152 S. W. 478; Railway Co. v. Ames, 94 S. W. 1115.

[3] The court did not err in refusing to instruct a verdict for defendant if it was found from the evidence that an owl flew against or came in contact with the defendant's electric wire and at the same time came in contact with the metal cross-arm or brace on the pole, thereby causing a spill-over of the electric current and causing the wire to break. This was properly refused because it ignored the issue of liability based upon the failure to have a circuit breaker attached to the wire. It was shown that there was no circuit breaker attached to the Abilene-Merkel wire and under the testimony of the witness Carroll noted above, the jury might have found that defendant was negligent in that particular.

For like reason special charge No. 14, the refusal of which is made the basis of the seventeenth assignment, was properly refused.

[4] The eighteenth and nineteenth assignments complained of the refusal of special instructions submitting to the jury the issue of contributory negligence. These charges were not in proper form. They assumed that the existence of certain facts would constitute contributory negligence as a matter of law instead of submitting to the jury for its determination the question of whether or not the existence of such facts would constitute such negligence. Hence there was no error in refusing same.

The twentieth assignment complains of the court's submission in its general charge of the issue of contributory negligence. The objection is predicated upon the same theory that the charge should have assumed that the existence of certain facts would have constituted contributory negligence. This particular objection to the court's submission of the issue of contributory negligence is without merit.

[5, 6] Various objections are urged to those portions of the general charge quoted above. Of those urged, the following are well taken: The same did not limit plaintiffs' right of recovery to the specific acts of negligence alleged and in general terms, submitted all the issues raised by the pleadings when all issues' so raised were without evidence to support them except the alleged failure to have an automatic circuit breaker. The tenth paragraph instructs that the failure to turn off the current of electricity under certain circumstances constituted negligence as a matter of law, and violates the rule obtaining in this state that the trial court shall not instruct that certain facts do or do not constitute negligence.

The ninth paragraph submits as an issue of negligence a failure to inspect appliances, and there is no allegation of such failure, nor is there any evidence of such failure.

[7] Error is also assigned to that portion of the general charge imposing upon the defendant the burden of proving contributory negligence on the part of deceased in coming in contact with the broken wire. The testimony tending to show contributory negligence came from the lips of the plaintiffs. In this state of the evidence the charge was calculated to lead the jury to believe that they should consider alone the evidence offered by the defendant upon that issue, and was error. Railway Co. v. Hill, 95 Tex. 629, 69 S. W. 136; Railway Co. v. Reed, 88 Tex. 439, 31 S. W. 1058.

Complaint is made of the court's definition of contributory negligence and proximate cause. That of contributory negligence is possibly sufficient, though not commendable. That of proximate cause is improper. Its meaning is not clear; it is confusing and misleading.

Objection is urged to the admission of the testimony of plaintiffs' witness Carroll upon the ground that he did not qualify as an expert. The court did not err in overruling this objection. He sufficiently qualified to warrant the admission of his evidence.

Complaint is made of the measure of damage submitted by the court. We think the same is subject to criticism, but possibly is not sufficiently objectionable to constitute reversible error. Upon retrial, it is suggested that the approved forms for the measure of damage in cases of this nature be followed.

It is complained of the judgment that it is excessive. In view of the reversal which must be entered in this case, it becomes unnecessary to pass upon this assignment.

Reversed and remanded.