ERVIN, Judge,
dissenting.
The judgment appealed here is a summary final judgment absolving JEA of liability for an injury suffered by appellant when appellant’s dog wandered through a privately-owned wooded area into a 2400-volt electric wire, energized by JEA, which was hanging down from the trees. Appellant picked up a pine stick, attempted to knock the wire off the dog, and sustained injuries when he was thrown to the ground.
Although the issue is close, I feel that there are sufficient facts in the situation from which a jury could properly have found negligence on JEA’s part. The record reveals that JEA employees had been aware that trees were growing up around *125 the wires in question as early as 1969; yet there had been no inspection or trimming of the trees since that time. An electric company is liable for failing to repair lines if it knows or has reason to know of the wires’ dangerous condition, see Annotation, 32 A.L.R.2d 244, § 5 and cases cited therein, and in my view the question of whether JEA’s knowledge in 1969 furnished constructive notice that the wires were endangered was one for the jury. In addition there was evidence that JEA’s “fuse disconnect” circuit breaker failed to operate properly in cutting off the current when the wire became severed from the line. Several cases have found electric companies liable for damages arising out of the continued energizing of a line when there was a device which would have cut off the current if it had been operating properly. See e. g., Ledet v. Lockport Light & Power Co., 15 La.App. 426, 132 So. 272 (1931); Abilene Gas & Electric Co. v. Thomas, 194 S.W. 1016 (Tex.Civ.App.1917). Finally, there is evidence in the record suggesting that JEA did not meet the minimum inspection and testing standards or the minimum clearance and tree trimming requirements provided in the National Electrical Safety Code. This court, in Florida Power Corp. v. Willis, 112 So.2d 15 (Fla. 1st DCA 1959), held that compliance with the Code is a question for jury consideration on the issue of negligence. In view of the inherent dangerousness of electrical current and the high duty which electrical companies are held to in distributing electricity, I think these questions should have been submitted to a. jury. I would reverse the judgment and remand the case for trial.