TEXAS PORTLAND CEMENT COMPANY v. J. B. W. ROSS.

Decided April 27, 1904.

**1.—Evidence—Pleading—Defective Brakes.**

A petition to recover for personal injuries in derailment of tram car having alleged as a cause defect in the brakes in that the brake wheel was too small to furnish sufficient leverage, it was proper to strike out from a deposition of a witness for plaintiff the statement that the brake was "wood-bound," in answer to a question as to the condition of the brake and the efforts made to stop the car with it, but to permit the reading of the rest of the answer, that plaintiff and witness "used every means in our power to get the brake to work, but the brake failed to work," over objection that it was immaterial, irrelevant, the opinion of witness, and not confined to the defects in the track alleged.

**2.—Evidence—Error Cured by Instructions.**

The admission of improper evidence held immaterial where instruction was afterwards given to disregard it.

**3.—Evidence—Pleading—Damages—Expense for Medicine.**

Plaintiff could testify to the amount expended by him for medicines in consequence of injury to his person though to an amount exceeding that alleged in his petition; but an instruction limiting recovery therefor to the amount alleged would have been proper.

**4.—Charge—Specific Facts.**

Charge to find for defendant in absence of proof of the defects in brake of tram car alleged in the petition, should have been given under the state of pleading and evidence in this case.

**5.—Assumed Risk—Contributory Negligence—Charge—Burden of Proof.**

Charge placing the burden of proof of assumed risk and contributory negligence upon defendant held erroneous upon the state of facts disclosed by plaintiff's own testimony.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Etheridge & Baker,* for appellant.

*Simpson & Simpson,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought by the appellee against appellant in the District Court of the Forty-fourth Judicial District of Texas, at Dallas, to recover for personal injuries alleged to have been sustained by him while in the employ of the appellant. The trial resulted in a verdict and judgment in favor of the appellee against the appellant for the sum of $1000.

Appellee alleged in substance that he was employed and directed by the agents of appellant to operate certain tram cars bringing stone from said company's quarry to the works of said company; that said tramway is elevated about twelve feet above the ground, has on it an iron rail upon which are propelled its cars loaded with stone; that about half way between said quarry and the main works of appellant said tramway divides into two tracks; that said cars run from said quarry to the main works by gravity, and are controlled by brakes only, and that said brakes as used upon said cars are wholly insufficient for the purpose in this, that the wheel at the top of same used for putting the pressure upon said wheel is too small in diameter, and

does not furnish sufficient leverage to control said cars; that said tramway is built of material of insufficient strength for the purpose for which the same is used, and that same was negligently, unscientifically and·unskillfully constructed by common labor, and that owing to the lightness of the material with which same is constructed, and the weight of the cars and their loads as used upon same, said tramway was so shaken and torn to pieces that it was dangerous to run cars upon same, but unknown to appellee; that said curve on said track is so constructed that both the inner and outer rails 'are upon the same level; and at a point where said tracks divide, and where the rails of said tracks are joined end to end, by reason of the lightness of the material with which said track was constructed, and the shortness of the spikes holding said rails in position, and by reason of the heavy loads used by said company, said track and the spikes therein had worked loose at said joints, and caused said rails to become loose and work apart, so that the flange of the wheels of said cars in descending said track would strike said rail squarely in the center of the same, thereby causing said car to leave the track. That on the 24th day of August, 1901, plaintiff was by the direction of said company operating a car heavily loaded with stone from the quarries aforesaid over said elevated track, from the quarry to the main works of said appellant; that on the day so as aforesaid appellee started in charge of said car down said elevated tramway to said works; that about halfway down, by reason of the defective joint aforesaid, and by reason of said car having been overloaded and the worthless brakes of said car, and by reason of the defective manner in which said track was constructed, and the material of which same was constructed, the said car, so as aforesaid, heavily loaded with stone with petitioner upon it, was thrown from said elevated track, a distance of some twelve feet, and said car and its contents overturned upon petitioner, severely and permanently injuring him in his arms, wrists and spine, back and shoulders, and crushing three of petitioner's ribs, thereby maiming petitioner for life. That by reason of the construction and defects and said company's negligence in repairing said track, the work required of this petitioner upon same was dangerous and extra hazardous, and this petitioner being a common laborer, could not and did not discover same. That petitioner is a young man aged 26 years, with a life expectancy of twenty-eight years. That appellee has suffered and is suffering great mental pain and distress from his aforesaid injuries, and was for a long time wholly incapacitated from labor, and by reason of said act of negligence and the injuries caused thereby, appellee will be permanently incapacitated to perform the same labor that he could before said injury, and that he has been at great expense in hiring physicians and securing medical attention, and alleging that he has suffered actual damages as follows: For medicines, the sum of $15; services of physicians, the sum of $100; for the loss of wages while permanently incapacitated for four months, the sum of $50 per month or $200; and

that by reason of his permanent disability, his loss in wages will amount to the further sum of $800; for mental and physical suffering occasioned by said injuries, the further sum of $2500; and further alleging that his aforesaid injuries were caused by the gross, willful and notorious negligence of appellant, and that he has suffered exemplary damages in the sum of $1500.

Appellant answered by general denial and special answer setting up contributory negligence and assumed risk.

Appellant's first, second and third assignments of error complain of the insufficiency of the testimony to authorize the court to submit the case to the jury, or to support the verdict and judgment rendered and entered.

We overrule these assignments, because it appears from the record that there was sufficient testimony to authorize the court to submit the case to the jury and to support the verdict and judgment.

Appellant's fourth assignment of error complains of the action of the court in admitting in evidence certain testimony of J. W. Ross over its objections, and striking out a part of the answer of said witness to a certain interrogatory propounded to him. It appears from the record that appellee propounded to said witness the following interrogatory: "State the condition of the brake on said car at the time of the accident, and what effort, if any, was made by him to control the car?" The witness answered: "At the time the brake was wood-bound, and would not work. The plaintiff and myself used every means in our power to get the brake to work, but the brake failed to work." The above answer was objected to by appellant as being immaterial, irrelevant, the opinion of the witness, and as not confined to the defects in said track charged in appellee's petition. The court struck out of the answer of said witness the words "was wood-bound," and allowed the remainder of the answer of the witness to be read to the jury. We are of opinion that there was no error in this action of the court, as the remainder of the answer was not subject to the objections interposed, and the court was authorized to strike out that part of said answer which was subject to said objections.

The court below did not err in admitting the testimony of J. W. Ross over the objection of appellant, and complained of in its fifth assignment of error. This testimony was a statement by the witness of a fact, and was not subject to the objection that it was the opinion or conclusion of the witness, and was material and relevant to the issue relating to the sufficiency of the brake.

In its sixth assignment of error the appellant complains of the action of the court in admitting in evidence over its objection certain testimony of the witness Frank Templeton, the ground of objection being that the testimony was the opinion of the witness, and that according to his own testimony it did not appear that he was competent to give an opinion in reference to the matters inquired about. If the testimony was subject to the objections interposed, it appears from

the explanation of the trial judge to the bill of exceptions that the jury were instructed not to regard this testimony, and therefore the appellant could not suffer thereby.

Appellant's seventh assignment of error complains of the action of the court in admitting over the objection of appellant the testimony of plaintiff J. B. W. Ross, as follows: The witness was asked, "Can you estimate how much you have paid for medicine?" and answered, "I expect I have spent something near $30." Appellant objected to this testimony on the ground that the pleadings of plaintiff did not authorize this testimony, as the amount claimed in the pleadings was less than the amount testified to; and that the answer of said witness was too vague and uncertain to constitute any charge against appellant, and was but an approximation and opinion of the witness.

We do not think the court erred in overruling the objection to this testimony, but it would have been proper for the court in its charge to the jury to have instructed them that appellee would not be entitled to recover a greater amount for this element of damages than he claimed in his pleadings.

The court did not err in excluding the testimony of E. W. McMahan, tendered by appellant, because such testimony clearly would have been but the opinion and conclusion of the witness.

The court below did not err in the paragraph of its general charge complained of in appellant's ninth assignment of error. We think this paragraph is a correct enunciation of the law relating to the facts of the case to which it was intended to apply.

The court below did not err in refusing to give to the jury special instructions numbers 4, 7, 8 and 14, because the general charge of the court instructed the jury correctly and sufficiently upon the matters to which these special instructions refer.

Under its fourteenth assignment of error, appellant complains of the action of the court in refusing to give to the jury its special charge number 13, which is as follows: "If you believe from the evidence that the brake wheel on the car upon which the plaintiff was riding when hurt was sufficiently large to give leverage enough to control said car and to reduce the speed of said car to safe limits, and that in the exercise of ordinary care the plaintiff could and should have controlled said car, then you will find for the defendant."

We think, in view of the pleadings and testimony in this case upon the issue as to whether or not the brake wheel attached to the car upon which the appellee was riding when hurt was sufficiently large to give leverage enough to control said car if operated with ordinary care by appellee, that it was error for the court below not to give this special instruction.

In its twentieth assignment of error the appellant complains of the following paragraph of the court's general charge to the jury: "The burden of proof is upon the plaintiff to make out his case by a preponderance of testimony as to the issues in this case, except the issues

of assumed risk and contributory negligence, and as to these two issues, the burden is on the defendant."

The court nowhere in its charge to the jury defines contributory negligence. In view of this, and also in view of the testimony of the appellee himself tending to show contributory negligence, we believe that it was error upon the part of the court to instruct the jury that as to the issues of assumed risk and contributory negligence the burden of proof was on the defendant. Gulf C. & S. F. Ry. Co. v. Hill, 95 Texas, 629; Texas & P. Ry. Co. v. Reed, 88 Texas, 439; Gulf C. & S. F. Ry. Co. v. Allbright, 7 Texas Civ. App., 21.

We have carefully examined all of the other assignments of error of appellant, and are of the opinion that none of them are well taken, and therefore overrule them.

For the errors above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*