## A. H. CHAMBERS v. JOSIE E. MATTINGLY.

### Decided June 26, 1907.

**Lease—Damage by Fire—Agreement to Repair.**

Where leased premises were badly damaged by fire the tenant remained liable for rent during the term, in the absence of a contract relieving him in that event; but where the landlord, after the fire, agreed to repair and the tenant surrendered possession for that purpose the landlord became bound to make repairs in a reasonable time, and the tenant was not liable for rent during the time he lost the use of the premises by the landlord's wrongful delay in repairing them.

Appeal from the County Court of Grayson County. Tried below before Hon. G. P. Webb.

*F. B. Dillard,* for appellant.—The landlord has no right of entry except to prevent waste and no right of possession of the premises. If the tenant at the request of the landlord relinquishes the possession of the rented premises to the landlord and the landlord occupies same for any purpose, the law will imply a contract on the part of the landlord to pay the tenant the reasonable rental value thereof during the time same was so occupied. 18 Am. & Eng. Ency. of Law, 225 and 309; Wood on Landlord and Tenant, 612-805, 806, 915, 917, 926, 779, et seq.; Taylor on Landlord and Tenant, secs. 315, 378, 379, 380; Galveston City Ry. Co. v. Gulf Land Co., 2 Texas Civ. App., 330; Noland v. Staffacher, 3 Texas App. Civ., 446; Jenner v. Carpenter, 48 S. W. Rep., 46; Williams v. Yoe, 22 Texas Civ. App., 447; Harrell v. Zimpleman, 66 Texas, 294; City of Sherman v. Conner, 88 Texas, 41; Seeligson v. Taylor Compress Co., 56 Texas, 226.

Where a rented building is burned during the existence of a rental contract and the landlord desires to repair the building and the tenant agrees to and does move out of the building to permit the repairs to be made, and where the landlord negligently fails and

refuses to make the repairs in a reasonable time and keeps the tenant out of the building for a longer time than was necessary, the landlord is not entitled to collect rent on said building from the tenant, under the circumstances, for a longer time than it would reasonably have taken him to repair same; and where the evidence tends to show these facts, it is error for the judge to refuse to submit the case to the jury and to give the jury peremptory instructions to find for the plaintiff. 18 Am. & Eng. Ency. of Law, 2366 (9); Benavides v. Hunt, 79 Texas, 391.

*A. Y. Creager,* for appellee.—Where a lessee unconditionally covenants to pay rent for premises for a specified time he will be held to make good his promise. Peticolas v. Thomas, 9 Texas Civ. App., 444; Houston Ice and Brewing Co. v. Keenan, 13 Texas Ct. Rep., 506; Perez v. Rabaud, 76 Texas, 191; Tays v. Ecker, 6 Texas Civ. App., 191; Linn v. Ross, 36 Am. Dec., 95; Hallett v. Wylie, 3 Am. Dec., 457.

There being no evidence to sustain the alleged alteration or change of the written contract based upon a valuable consideration, it was the duty of the court in construing the written contract to peremptorily instruct the jury to find for appellee. Peticolas v. Thomas, 9 Texas Civ. App., 444; Houston Ice and Brewing Co. v. Keenan, 13 Texas Ct. Rep., 506; Linn v. Ross, 36 Am. Dec., 95; Hallett v. Wylie, 3 Am. Dec., 457; Perez v. Rabaud, 76 Texas, 191; Libbey v. Tolford, 77 Am. Dec., 229.

KEY, ASSOCIATE JUSTICE.—In this suit appellee, Mrs. Josie E. Mattingly, recovered judgment against A. H. Chambers, appellant, for $180 rent due for a house and lot in the city of Sherman for the months of February, March and April, 1905.

The undisputed testimony coming from both sides shows that during the term of the lease, and on the 2d day of February, 1905, the building, which was a storehouse, was very much damaged by fire; that appellant, the tenant, requested appellee, his landlord, to repair the building, and she agreed to do so; that appellant moved his stock of goods out of the building and appellee caused it to be repaired, after which, and about the first of May, 1905, appellant resumed possession of it under his lease. Appellant refused to pay the rent for the months of February, March and April, claiming that he was not liable therefor, because he was not then in possession of the building and appellee had possession of it for the purpose of having it repaired; and, among other defenses, he alleged, in substance, in the third paragraph of his answer that appellee did not make the repairs with reasonable dispatch and consumed more time than was necessary for that purpose, and that if he was liable for the rent for any portion of the three months referred to, it was only for such time as was reasonably necessary for making the repairs.

After hearing all the testimony, the court directed a verdict for the plaintiff, and that action is assigned as error. We sustain the assignment and reverse and remand the case, because there was

testimony tending to support the defense set up in the third paragraph of appellant's special answer. There was some testimony tending to show that, by the exercise of reasonable diligence, appellee could have made the repairs sooner than she did, and therefore that issue should have been submitted to the jury. While it is true that appellant consented for appellee to take possession of the building while making the repairs, no time was specified for making the repairs, and it was her duty to make them within a reasonable time, and if she held possession and delayed appellant in resuming possession beyond a reasonable time, then and to that extent she breached the agreement under which she went into possession, and should not be permitted to recover rent for that period of time.

On all the other points presented we rule against the appellant. The lease contract contained no stipulation requiring the landlord to make repairs or releasing the tenant from paying rent on account of damage by fire, or for any other reason; hence we hold that appellant was liable for all the rent sued for, unless appellee consumed more time than was reasonably necessary in making the repairs, and thereby wrongfully deprived appellant of the use of the premises.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*