CHICAGO, ROCK ISLAND & GULF RAILWAY COMPANY v. MRS. E. S.
CLAY ET AL.

Decided May 1, 1909.

**1.—Railroads—Injury at Public Road Crossing—Charge.**

In a suit against a railroad company for damages for the death of plaintiff's
husband and father by being struck and run over by one of defendant's trains
at a public crossing, charge considered, and held not subject to the objections
that it failed to give the jury proper instructions as to the duty of the railroad
company in reference to the presence of persons at such crossings, and in
reference to the character of headlight to be used on defendant's engines;
nor was said charge calculated to lead the jury to believe that it was the
duty of the defendant absolutely to keep a lookout at all times, and to have on
its engines a headlight that would enable the employees to see persons who might
be using the crossing.

**2.—Same—Charge—Proximate Cause—Undisputed Fact—Cases Distinguished.**

Charge considered, and held not subject to the objection that it submitted
as doubtful the undisputed fact that the contributory negligence of the deceased,
if found to exist, was the proximate cause of his death. Texas & Pac. Ry. Co.
v. McCoy, 90 Texas, 264; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365;
and Birge-Forbes Co. v. St. Louis & S. F. Ry. Co., 53 Texas Civ. App., 55, dis-
tinguished.

**3.—Contributory Negligence—Burden of Proof.**

When the evidence tending to show contributory negligence springs out of
and forms part of the case relied on by plaintiff, the burden is on the plaintiff
not only to show negligence on the part of defendant but also to show that he
was not guilty of contributory negligence. But, evidence considered, and held
not to bring this case within said rule.

**4.—Same.**

The mere fact that deceased was upon a railroad track when struck and
killed by a passing train, is not sufficient in and of itself to raise the issue
of contributory negligence on his part.

**5.—Same—Charge—"Look and Listen."**

Upon the issue of contributory negligence the court charged the jury that
if the deceased "before driving upon said crossing failed to look and listen for
the approach of trains or engines upon said track, and if you believe said failure
to so look and listen was negligence, etc." to find for defendant. Evidence
reviewed and held to contain nothing to indicate that the deceased looked and
failed to listen, or listened and failed to look, and therefore the use of the con-
junctive instead of the disjunctive in the expression "look and listen" was not
reversible error.

Appeal from the District Court of Wise County. Tried below before
Hon. J. W. Patterson.

*N. H. Lassiter, Robert Harrison* and *T. J. McMurray,* for appellant.

*Ford & Patterson* and *N. R. Bowlin* and *A. J. Clendenen,* for ap-
pellees.

CONNER, CHIEF JUSTICE.—Mrs. E. S. Clay, for herself and as
next friend for her six minor children, instituted this suit for dam-
ages because of the death of George W. Clay, the husband and father,
who was run over and killed by one of appellant's locomotive engines

upon a public road crossing in Wise County on the 29th day of October, 1907. The trial resulted in a verdict and judgment, from which this appeal has been prosecuted, in favor of Mrs. Clay for two thousand dollars, and in the further sum of one thousand dollars each for the six children mentioned.

The grounds of negligence on appellant's part alleged and submitted to the jury were, first, a failure to blow the whistle and to ring the bell at a distance of at least eighty rods from said public crossing, and to keep the bell ringing until the crossing was reached; second, a failure on the part of appellant's employes operating the engine to keep a lookout for the discovery of persons who might be upon the crossing; and third, a failure to have upon said engine a sufficient headlight to see persons that might be using the crossing or to enable persons using the crossing to see the engine. Appellant denied the negligence charged, and specially pleaded contributory negligence on the part of George W. Clay in attempting to cross appellant's track "without looking or listening."

The charge of the court is assailed in a number of particulars. In the eighth paragraph the court instructed the jury that if they found that the employes in charge of the engine "negligently failed to keep a lookout for the discovery of persons that might be upon said public crossing," or if said employes "negligently failed to have upon said engine a sufficient headlight to enable them to see persons that might be using said public crossing, or to enable persons using said crossing to see said engine." and if by reason of such negligence George W. Clay was killed, as charged, and that the plaintiffs were thereby damaged, they would be entitled to recover, unless they believed that George W. Clay was himself guilty of contributory negligence that caused or proximately contributed to his death. It is insisted that this charge is erroneous in that it fails to give to the jury proper instructions as to the duty of the defendant in reference to the presence of persons at crossings, and in reference to the character of headlight to be used on its engines; also because the charge is calculated to lead the jury to believe that it is the duty of the defendant absolutely to keep a lookout at all times, and to have on its engine a headlight that would enable the employes to see persons who might be using the crossing; and further, because the charge was on the weight of the evidence in that there was no evidence to justify the submission of the issue of defendant's failure to have on the engine a sufficient headlight. We do not think the charge erroneous for any of the reasons assigned. In the fifth paragraph of the court's charge the duty of persons about to cross a railroad to use ordinary care to discover the approach of trains was very plainly stated. In the sixth paragraph the court also imposed upon appellant's agents the duty of using ordinary care to prevent striking and injuring persons that might be upon the crossing, and if it was in any event incumbent upon the court to give instructions in reference to appellant's duty as to the character of headlight, the error is one of omission merely which called for correction by request on appellant's part for an appropriate special instruction. In no sense can it be justly said that the eighth paragraph absolutely imposed the duty of at all times keeping a lookout or to have a sufficient

headlight; the charge merely left it for the jury to say whether in these particulars there was negligence as alleged, and it can not be doubted that negligence might be constituted as a matter of fact in either or both respects.

That the issue of an insufficient headlight was raised and its submission required by the evidence can scarcely be doubted. The evidence is to the effect that the accident happened soon after dark on a "dark, drizzly night." D. C. Huckaby testified to the effect that when he first saw the engine soon after the occurrence it was one hundred and fifty yards south of the crossing; that he did not then see any light on the engine—"there was none there that I saw." G. W. Brownlee testified that he was near the railroad track about three hundred yards from the place of the accident, and saw the bulk of an engine "with a light which appeared to be as big as a coal of fire up about where the headlight ought to be on an engine." The engineer testified that one or two or three seconds before he reached the crossing he looked out ahead and saw nothing. It is true that appellant's witnesses testified to the effect that there was an oil headlight upon the engine that gave as much light as ordinary headlights of the kind, but the issue made by the conflicting tendency of the testimony was for the jury.

In the ninth paragraph of the court's charge the jury were instructed that if "said Geo. W. Clay, before driving upon said crossing, failed to look and listen for the approach of trains or engines upon said track, and if you believe said failure to so look and listen was negligence on the part of the said Geo. W. Clay, as that term is defined herein, and if you believe said negligence on the part of said Geo. W. Clay caused or contributed proximately to his death, then plaintiffs can not recover, and if you so believe you will find for the defendant." This charge is objected to on the ground that the issue of proximate cause was not raised by the evidence, and hence erroneous as submitting as doubtful a fact undisputed by the evidence, and the cases of Texas & P. Ry. Co. v. McCoy, 90 Texas, 264; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365, and Birge-Forbes Co. v. Railway Co., 115 S. W., 336, are all cited in support of the contention. In the last case cited the court merely held that the evidence was conclusive on the issue of proximate cause, and that therefore the court did not commit error in omitting its submission; and in the McCoy and Rowland cases the charge was so framed as to authorize a finding against the railway company in event the jury failed to find contributory negligence a proximate cause of the injury. The charge before us, however, is distinguishable from those in the cases mentioned, as we had occasion to point out in the case of the Texas Cent. R. R. Co. v. Johnson, 51 Texas Civ. App., 126, in that the charge here objected to in no event authorized a finding against appellant. In addition to which the issue was distinctly invited by appellant's special charge number two, which was refused.

The charge of the court is further objected to in that the burden of proof to establish the contributory negligence of George W. Clay was, in the twelfth paragraph, imposed upon appellant, but we find nothing in the facts of this case, as in the cases of St. Louis S. W. Ry. Co. v.

Martin, 26 Texas Civ. App., 231, and Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629, cited in behalf of appellant, constituting the charge erroneous. Where the evidence tending to show contributory negligence springs out of and forms part of the case relied upon by the plaintiff, the authorities hold that the burden is on the plaintiff not only to show negligence on the part of defendant, but also to show that he was not guilty of contributory negligence. In this case, however, the accident which resulted in the death of George W. Clay was shown to have occurred after dark, following a dark, drizzly evening; no one saw him approach the crossing, and he was not seen until the team had passed entirely across the track. There was nothing in plaintiff's evidence which tended to show contributory negligence on the part of George W. Clay, unless negligence is to be attributed to him from the fact that he was upon the track and injured, and this doctrine has been distinctly repudiated. Under such circumstances the burden of proof was properly cast upon appellant. See Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Lee v. International & G. N. Ry. Co., 89 Texas, 583; City of San Antonio v. Potter, 31 Texas Civ. App., 263; Railway Co. v. Howard, 75 S. W., 803.

The remaining objections are to the court's action in refusing appellant's special charges numbers one and two, presenting in somewhat different forms the issue of contributory negligence on the part of George W. Clay, and in overruling appellant's motion for new trial, on the ground that the evidence showed that the deceased Clay was guilty of negligence which proximately contributed to cause his death. Appellant's special charge number two is argumentative in form, and the proposition following the assignment relating thereto is not supported by the statement of any fact which would show its rejection erroneous. Special charge number one, we think, might well have been given, and in some respects is perhaps more satisfactory than the charge given by the court; but on the whole, after careful deliberation, we have concluded that its rejection does not constitute error for which the judgment should be reversed. As before stated, in the fifth paragraph of the court's charge the jury were distinctly instructed that it was the duty of persons about to cross a railroad track to use ordinary care to discover the approach of trains, and that a failure to use such care would bar a recovery if injury followed. Ordinary care and negligence were both defined, and in the ninth clause of the charge, as in part heretofore quoted, the jury were specifically instructed that if "Geo. W. Clay, before driving upon said crossing, failed to look and listen for the approach of trains or engines upon said track, and if you believe said failure to so look and listen was negligence on the part of the said Geo. W. Clay, as that term is defined herein," etc., they should find for appellant. If there is anything in the evidence which required the court to submit the issue in a disjunctive form, viz., "look or listen," as embodied in the special charge, instead of its conjunctive form, "look and listen," as given in the main charge, it is not pointed out, and indeed, appellant has not specifically urged any such contention. The only statement, beside the special charge

requested, following the proposition under the assignment of error (the fourth) raising the question under consideration is that: "The evidence is undisputed that if the deceased had looked up the railroad as he approached the crossing he could, from any point within more than one hundred feet of the crossing, have discovered the approach of the engine from the north for a distance of several hundred feet." In this statement, after an examination of the evidence, we must entirely disagree with appellant. It is true that appellant introduced a number of witnesses who, after the accident, went upon the ground and took photographs of the situation, from which it would appear that in daylight, as when the photographs were taken and the witnesses made their observations, an engine might have been so seen by one traveling the way the deceased was shown to have been traveling; but no witness testified, as we read the record, on the subject of how far the approach of an engine might have been seen on the night of the accident. The evidence shows that the railway track extended from the north to the south, through a cut which in daylight partially or wholly obscured an engine eight hundred and fifty or a thousand feet north of the crossing, the public road extending over the railway in an easterly and westerly direction. There was evidence further tending to show that at the time in question the engine that killed George W. Clay approached at considerable speed, with little noise, without distinct, if any, headlight, and without blowing the whistle or sounding the bell, and the evidence, if any, tending to show that George W. Clay failed either to look or to listen applies to either supposition with equal force. In other words, there is nothing in the evidence to indicate that he did one and failed to do the other. If a presumption is to be indulged, we must assume, George W. Clay being dead, that he exercised ordinary care and both looked and listened, which can hardly be said to be improbable in the light of facts above stated, and with the further fact that the engineer failed to see the deceased a few seconds before he was struck, although looking out on the side from which the deceased approached; so that on the whole it can not be said that the court's submission of the issue of contributory negligence was insufficient or prejudicial.

What we have already said we think also sufficiently disposes of the contention that the evidence conclusively establishes contributory negligence on the part of George W. Clay, and that hence the motion for new trial should have been granted.

We conclude that all assignments of error should be overruled and the judgment affirmed.

*Affirmed.*

Writ of error refused.