## DR. JOHN W. KENNEY V. MRS. RACHEL LA GRONE.

No. 6621.   Decided April 29, 1936.
Rehearing overruled June 24, 1936.
(93 S. W., 2d Series, 397.)

*Bryan & Maxwell,* of Waco, *T. M. West* and *Nat L. Hardy,* both of San Antonio, for plaintiff in error.

The evidence clearly raising the issue that the disabilities of the plaintiff were the result of a disease rather than X-ray burns, and such evidence having been properly admitted under a general denial the defendant (plaintiff in error in appellate court) was entitled to an affirmative submission of the theory of the case to the jury and the refusal of the court to submit such charge was error. Hoover v. Smallwood, 45 S. W. (2d) 702; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Pidigo v. Croom, 37 S. W. (2d) 1074; Galveston, H. & S. A. Ry. Co. v. Washington, 94 Texas, 510, 63 S. W., 534.

R. B. Russell and Dwyer & Groce, all of San Antonio, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Defendant in error Mrs. Rachel LaGrone, who will be designated plaintiff, brought this suit against Dr. John W. Kenney, who will be designated defendant, for damages. The basis of her complaint was that Dr. Kenney was negligent in the administration of X-ray treatments by reason of which she was burned. The nature of her injuries were alleged to be as follows:

"Plaintiff says that as a direct and proximate result of the said acts of negligence on the part of the Defendant, her head was so badly burned by the rays from the said machine that all of her hair came out, and that her scalp was badly burned, that her face was burned, that her breast was burned over a large area, and her left arm burned below the elbow. That all of these portions of her head and body are inflamed and in a sore condition, that they will not permanently heal, that Plaintiff's general health has been greatly impaired, that she has suffered great mental and physical pain, and will in the future so suffer, and said injuries are serious and permanent."

The defendant answered by general demurrer and general denial and a special plea that if the plaintiff was injured at all it was due to acts of some other person and not of himself.

In response to special issues the jury found that in the spring of 1931 the defendant administered unto plaintiff applications of X-ray treatment; that in so administering the X-ray he exposed plaintiff's head and body to the effects of the machine for too long a time; that in doing so defendant was negligent, and that the negligence of defendant in this particular was the proximate cause of plaintiff's injuries. A judgment in favor of plaintiff in the district court was affirmed by the

Court of Civil Appeals after requiring a remittitur. 62 S. W. (2d) 600.

The principal assignments presented by defendant in application for writ of error complain of the failure of the trial court to give certain special issues requested by him. It is undisputed that at the time plaintiff called upon Dr. Kenney for medical treatment she was suffering from eczema or some kindred ailment. The X-ray treatment was given for the purpose of counteracting this disease. Plaintiff furnished evidence showing that she had been burned by the X-ray treatment; that she had lost her hair, which at the time of the trial had been partially restored; that the skin on her face, arm and breast peeled off, leaving the surface sensitive and irritable, and that she had suffered physical and mental pain as a consequence of her injuries. There was proof by defendant tending to show that her condition at the time of the trial was due to eczema or some disease of that type.

■ The special issues requested by defendant and refused by the court were as follows:

"Is Mrs. Rachel La Grone's condition the result of a disease known as eczema?"

"Is Mrs. Rachel La Grone's condition the result of some disease other than the application of the X-ray?"

It is obvious that these requested charges were not correct, and if answered in the affirmative would not have been a complete defense to plaintiff's alleged cause of action. Even if her condition at the time of the trial was due to eczema, nevertheless she could have suffered various injuries as a result of the X-ray burns, as claimed by her, and her condition could have been materially different at the time of the trial from what it was, as shown by her testimony, immediately after the treatment. It is undisputed that to some extent her condition was brought about by reason of the fact that she had eczema, as that was the ailment for which the X-ray treatment was administered. The question really resolved itself into an inquiry as to what extent, if any, the eczema contributed to the injury and damages suffered by plaintiff.

■ We do not agree with the Court of Civil Appeals that these issues were not proper because defendant had not specially pleaded the defense of eczema. If the requested issues had been correct we think it would have been proper to submit them under defendant's plea of general denial.

■ We are not called upon to decide whether or not the requested issues were sufficient to call the matter to the attention of the court, because there was no assignment that the court erred in failing to submit a correct issue to the jury. The only assignments submitted related to the failure of the court to give the particular issues requested. It is well settled that an assignment of error that the court erred in refusing a requested charge does not present the question whether (the instruction being erroneous) the court erred in not submitting the issue in some form. Clevenger v. Blount, 114 S .W., 868, affirmed in 103 Texas, 27, 122 S. W., 529; Hess v. Webb, 113 S. W., 618, affirmed in 103 Texas, 46, 123 S. W., 111; Parlin & Orendorff Co. v. Miller, 25 Texas Civ. App., 190, 60 S. W., 881; Walker v. Ry. Co., 151 S. W., 1142.

■ The only other assignments in petition for writ of error relate to the explanatory charge given by the trial court in connection with Special Issue No. 8. Defendant by these assignments complains that the court in each charge assumed that defendant had been negligent as alleged and assumed that plaintiff had been damaged as claimed by her. We are inclined to the view that these assignments are not well taken. However, we find that the only proposition submitted in the Court of Civil Appeals with reference to this charge was one to the effect that it was a general charge, and there was no complaint that it assumed the negligence of defendant or assumed that plaintiff had been damaged. For this reason, the opinion of the Court of Civil Appeals in disposing of these assignments is approved.

For the reasons stated herein the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court April 29, 1936.

Rehearing overruled June 24, 1936.