## GILLETTE MOTOR TRANSPORT, Inc., v. FINE et ux.

### No. 13494.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 29, 1937.

Rehearing Denied March 5, 1937.

Lightfoot & Robertson, Will R. Saunders, and Claude Williams, all of Fort Worth, for appellant.

Raymond E. Buck, Victor McCrea, and Mack & Mack, all of Fort Worth, for appellees.

BROWN, Justice.

Appellees call attention to the fact that we were in error in considering the assignment of error predicated upon the refusal of the trial court to give an issue predicated upon subdivision (A) of article 801 of the Penal Code, being a part of the Law of the Road, because, in an opinion by the Commission of Appeals in the case of Abbott v. Andrews, 45 S.W.(2d) 568, 569, in which subdivision (J) of article 801 was under review, the court used the following language: "Because of uncertainty in the respect pointed out above, the statute, as a whole, is invalid."

We are frank to admit that we did not know the whole statute, to wit, said article 801, comprising subdivisions (A) to (N), inclusive, had been by the Commission of Appeals, in an opinion approved by the Supreme Court, held invalid.

In Reilly v. Buster et ux. (Tex.Civ.App.) 52 S.W.(2d) 521, which case was reviewed by the Commission of Appeals, the opinion being reported in 125 Tex. 323, 82 S. W.(2d) 931, same being adopted by the Supreme Court, the wrongdoer was found guilty of driving upon the left side of the road and at a rate of speed of 35 or 40 miles per hour. The Court of Civil Appeals held that the evidence showed beyond dispute that the wrongdoer was guilty of negligence as a matter of law and the Commission of Appeals in the opinion expressly agreed with the Court of Civil Appeals.

In the case of West Texas Coaches, Inc., v. Madi, 26 S.W.(2d) 199, the Commission of Appeals had under consideration the provisions of article 790, of the Penal Code, being a part also of the Law of the Road, the provisions of which article are no less vague and uncertain and, to our way of thinking, are far more vague and uncertain than the provisions of the Penal Code, brought before us for review, but the Commission of Appeals held that while the statute may be too uncertain and indefinite in its terms to be capable of enforcement by criminal prosecution, nevertheless it is not too indefinite to furnish a rule of civil conduct.

Another statute, being also a part of the Road Law, is article 827a, § 10, of the Vernon's Annotated Penal Code, and the provisions of this particular statute, which are to our way of thinking just as vague and indefinite and as uncertain, if not more so, than the provisions of the article here under review, were before this Court of Civil Appeals in the case of Tarry Warehouse & Storage Co. v. Price, 76 S. W.(2d) 162, and it was held, in substance, that in a civil suit for damages the provisions of this statute are effective notwithstanding same may be invalid in part on the ground of vagueness. This matter was brought to the attention of the Supreme Court of Texas in an application for a writ of error and the application was dismissed.

If by the decision in the Abbott Case, supra, the Commission of Appeals and the Supreme Court meant to hold that the entire statute—said article 801—is invalid, then such holding is in direct conflict with the holding of the Court of Criminal Appeals in the case of Ex parte Williams, 128 Tex.Cr.R. 148, 79 S.W.(2d) 325, wherein the particular subdivision of said article, which is before us, was upheld. We are inclined to the opinion that the language used in the Abbott Case, supra, is broader than was intended, but we feel disposed to leave the matter, including the conflict of decisions, to the Supreme Court.

Under the circumstances, we withdraw all of the opinion heretofore handed down so far as it covers the assignment of error above noted, and we substitute therefor the following opinion:

Appellee, Mrs. E. J. Fine, joined by her husband, brought suit against appellant Gillette Motor Transport, Inc., alleging that on or about March 3, 1935, she was a passenger in an automobile driven by one Alvia Bailey; that said automobile was proceeding in a northwesterly direction on East Balknap street in the city of Fort Worth, and that while so proceeding the appellant's truck collided with the automobile in which she was riding, causing her serious injuries. Appellee alleged that the truck was being driven by the agent and employee of appellant, who was negligent in that the truck was being driven at a high rate of speed, same being excessive; that the truck was not being driven on the right-hand side of the highway and at a place where the road was not clear or unobstructed; that the truck driver was not keeping a proper lookout for vehicles approaching from the west; that had he kept a proper lookout he could have easily avoided the collision; that the truck driver failed to sound his horn or give any warning or signal of the approach of the truck; that the driver of the truck failed to have the same under control, and that the brakes were not in good order; that after the driver of the truck discovered the perilous position of the plaintiff, he could have, by the exercise of the means at his command, stopped the truck and could have turned the course of same away from the path of appellee's automobile, thereby avoiding the collision.

Appellant answered, alleging that Bailey, who was driving the automobile in which Mrs. Fine was riding, was the agent or employee of appellee; that he was driving the car just prior to the collision at a fast and excessive rate of speed, and was guilty of contributory negligence in failing and refusing to yield the right of way to appellant's truck; that Bailey failed to keep a proper lookout for other automobiles, and that Bailey did not see a car ahead of him which was preparing to make a left turn off of Belknap street, but that Bailey was immediately behind such car and was going at such a rate of speed that it was impossible or highly improbable that he could stop his car without colliding with the same; the brakes on the car being driven by Bailey were not in good condition; that Bailey cut his car to the left of the car that was in front of him and making a left-hand turn, and proceeded diagonally across the highway on the wrong or left-hand side of the highway and drove his car into the path of appellant's truck; that Bailey's car suddenly swerved into the path of the truck so unexpectedly that the truck driver, by applying his brakes with all of his force, was unable to avoid the collision; that Bailey failed to sound the horn on his car at the time he was preparing to pass the car in front of him; that Bailey was negligent in not swerving his car to the right in order to avoid the collision; that Bailey failed to apply his brakes.

Appellant pleaded in the alternative, that if Bailey was not Mrs. Fine's agent and employee, nevertheless Mrs. Fine and Bailey were engaged in a joint enterprise at the time of the accident.

Because of the view we take of this case, we do not consider it necessary to set out

the special issues submitted to the jury and the answers returned thereon. Suffice it to say that all issues were answered favorably to the appellee and damages awarded in the sum of $11,250.

The court, in charging the jury, defined "proximate cause" as follows: "Proximate cause, as that term is used herein, means the moving and efficient cause without which the injury in question would not have happened. An act or omission becomes the proximate cause of an injury whenever such injury is the natural and probable consequence of the act or omission in question and one that ought to have been foreseen in the light of attendant circumstances by a person of ordinary care and prudence. It need not be the sole cause, but it must be a concurring cause which contributed to the result in question and but for which the result would not have occurred. There may be more than one proximate cause."

It will be observed from the pleading, and the record discloses the facts to be, that just before the collision Bailey saw that a passenger automobile, directly in front of him on the highway, was headed as if to turn to the left across the highway, and that in order to avoid colliding with such car, which was driven by one Riley, Bailey swerved his car to the left for the purpose of going around Riley's car, and that in so doing Bailey's car and appellant's truck collided.

The definition of "proximate cause," given by the trial court, wholly omits the element of new and independent cause, and, of course, omits the definition of the same. Appellant duly excepted to the definition as given by the court, and his objections were overruled and due exception taken. We think the assignment of error touching this question is well taken.

In a very recent case, Southland Greyhound Lines, Inc. v. Cotten, 126 Tex. 596, 91 S.W.(2d) 326, by the Commission of Appeals, it appears that the defendant in the trial court alleged that some one unknown to him had negligently parked his car, and a truck, between the balusters of the bridge, where the accident occurred, leaving thereby barely enough room on the side of the parked car and truck for heavy traffic to pass. The trial court gave a definition of "proximate cause," such as given in the instant suit, and the Court of Civil Appeals upheld the charge in the face of defendant's objection on the authority of West Texas Coaches v. Madi (Tex. Civ.App.) 15 S.W.(2d) 170, and other cases. But the Commission of Appeals, in passing upon the question, overruled the decision in the Madi Case and reversed the judgments of the trial court and the Court of Civil Appeals and remanded the cause, holding that the evidence raised the issue of a new and independent intervening cause.

If the parking of a car and truck on the side of a highway by a third person, thereby obstructing traffic in such a manner as to make it necessary for other persons using the highway to change the course of their vehicles in order to avoid striking the parked truck and automobile and a collision is brought about, constitutes an independent intervening cause, then it appears to us that the turning of an automobile across a highway in front of an automobile proceeding in the same direction in which the car that so turned was going before it turned, and in front of a truck which was at that time meeting such car on the highway, necessarily raises the issue of a new and independent cause.

There are other assignments of error, some relating to matters which, in all likelihood, will not occur on another trial. We do not feel the necessity of passing upon any other assignments of error.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

Being of the opinion that the evidence in this case clearly raises the issue of new and independent cause, the motion for rehearing is overruled.