**GILLETTE MOTOR TRANSPORT, Inc.
v. FINE et ux.**

No. 13928.

Court of Civil Appeals of Texas.
Fort Worth.

June 30, 1939.

Rehearing Denied Oct. 6, 1939.

818

Lightfoot, Robertson, Gano & Johnston, of Fort Worth, for plaintiff in error.

Raymond E. Buck and McCrea & Rhodes, all of Fort Worth, for defendants in error.

DUNKLIN, Chief Justice.

This is the second appeal in this case, the disposition of the former appeal appearing in Tex.Civ.App., 103 S.W.2d 196.

The suit was instituted by E. J. Fine and wife, Mrs. E. J. Fine, against the Gillette Motor Transport, Inc., a corporation, to recover damages for personal injuries sustained by Mrs. Fine in a collision between a Ford passenger car, in which Mrs. Fine was riding, driven by Alvia Bailey, with a motor truck owned by the defendant, and driven by Meredith McCarty, its employee and agent.

The collision occurred approximately at noon on Sunday, March 3rd, 1935, within the city limits of Fort Worth, on East Belknap Street, one of the public streets of the city, which runs in an easterly and westerly direction, at a point where Beach Street, another public street of the city, running in a northerly and southerly direction, abuts on the north boundary of East Belknap Street, but does not cross the latter street. Belknap Street was 52 feet wide and its middle was shown by a marked line. Immediately before the collision the Ford car was traveling in an easterly direction and the truck in a westerly direction. The Ford car was following another automobile immediately in front, driven by Mark Riley. When the Riley car reached a point opposite the south end of Beach Street, it turned left, to go onto Beach Street. Bailey, driver of the Ford car, then started to make a left turn around the Riley car and back to East Belknap Street, so as to continue his journey on in an easterly direction on that street. While he was passing the Riley car on that turn, the Ford car collided with the truck traveling to the west on East Belknap Street, and as the result of that collision, Mrs. Fine sustained serious bodily injuries.

On the trial of the case before a jury, plaintiffs recovered a judgment against the defendant for the sum of $14,000, which was the amount of damages assessed by the jury.

The case was submitted to the jury on special issues, preceded by these instructions:

"(1) Ordinary care, as used in this charge, means that degree of care which an ordinarily prudent person would exercise under the same or similar circumstances.

"(2) Negligence, as that term is used herein, means the failure to use ordinary care.

"(3) Proximate cause, as that term is used herein, means that cause which unbroken by any new independent cause produces the damage. It is not necessarily the nearest cause in time or physical se-

quence, but is a cause without which the damage would not have happened, and from which that damage or some like damage might reasonably have been anticipated as a natural and probable consequence. New and independent cause, as that term is used above, is a cause or agency over which neither the plaintiff nor the defendant has any control, and which cause or agency a person of ordinary prudence under the same or similar circumstances would not have reasonably foreseen as likely to occur or bring about the result complained of, and which cause is of itself sufficient to cause the damage in question. There may be more than one proximate cause.

"(4) Proper lookout, as that term is used herein, means that lookout that a person of ordinary prudence would have used under the same or similar circumstances.

"(5) Preponderance of the Evidence, as that term is used herein, means the greater weight of the credible testimony."

Findings of the jury were as follows:

Issue 1. Immediately prior to the collision the defendant's truck was being operated at a rate of speed in excess of 20 miles per hour.

Issue 2. Which was a proximate cause of the collision.

Issue 3. Immediately prior to the collision the truck, or some part thereof, was being operated on the south half of Belknap Street.

Issue 4. Which was negligence.

Issue 5. And which negligence was a proximate cause of the collision.

Issue 6. As the truck approached the place of the collision the driver failed to keep a proper lookout for automobiles approaching him from the west.

Issue 7. Which failure was a proximate cause of the collision.

Issue 8. Immediately prior to the time of the collision the car in which plaintiff was riding was not being operated at a rate of speed in excess of 20 miles per hour.

Issue 9. Although instructed by the court that there would be no need to answer issue 9, if they had answered the preceding issue No. 8 "no", the jury nevertheless answered it favorably to the plaintiffs.

Issue 10. Alvia Bailey, driver of the Ford car, did not fail to keep a proper look-out for automobile traffic as he approached the scene of the collision.

Issue 11 was not answered because it was submitted only hypothetically.

Issue 12. Alvia Bailey was not guilty of negligence in turning his car to the left immediately prior to the collision.

Issue 13 was not answered because submitted only hypothetically.

Issue 14. The collision was not an unavoidable accident.

Issue 15. The failure of plaintiff, Mrs.. Fine, to warn Alvia Bailey, the driver of the Ford car, of the approach of the defendant's truck was not negligence.

Issue 16 was not answered because submitted only hypothetically.

Issue 17. $14,000 was fixed as the amount required to fairly compensate Mrs. Fine for the injuries she sustained.

Following are findings of the jury in answer to special issues requested by the defendant:

1. The failure of A. J. Bailey, driver of the Ford car, to yield the right-of-way to the car driven by M. Riley in front of him, and to the defendant's truck, as they were passing one another on the occasion of the collision, was not negligence.

2. Nor was it a proximate cause of the collision.

3. The conduct of M. Riley in attempting to make a left hand turn of his car immediately before the collision was not a new and independent cause of the collision.

All of those issues of negligence were duly tendered in the pleadings of the respective parties. The issues of negligence on the part of Bailey, the driver of the Ford car, and of Mrs. Fine, riding with him, were pleaded as contributory negligence and the burden of proof on all issues submitted was in proper form.

Much of appellant's brief is devoted to an extended review of the testimony, with citations of many authorities to support the contention advanced that the evidence introduced was insufficient as a matter of law to sustain the findings of the jury of negligence of the truck driver, and further, that the testimony showed conclusively as a matter of law, that the collision resulted solely from the negligence of the driver of plaintiff's Ford car, in attempting to go around the Riley car at the time,

in the manner and under the surrounding circumstances.

According to testimony of the driver of the plaintiff's car, when he had turned to the left and attempted to pass the Riley car, there was sufficient room between the front end of the Riley car and the middle line of Belknap Street for him to do so without passing north of the middle line of Belknap Street, and that the collision occurred by reason of the fact that just before it happened the truck had passed to the south side of the center line of the street, directly in front of him, and the collision occurred on that side of the highway.

According to his further testimony, the Riley car, which he was attempting to pass and which had turned from the right or south side of Belknap Street to go into Beach Street to the north, was going very slowly and had almost stopped; and further, that he was traveling about 18 miles an hour, and did not discover the approaching truck until it was too late for him to avoid running into it.

Several witnesses testified that after the collision they saw skid marks of the wheels of the truck, which showed that it had skidded several feet before it collided with the Ford car. Most of those witnesses testified that those skid marks were entirely on the north side of the middle line of Belknap Street, and that the collision occurred on that side. That testimony was corroborated by the undisputed physical fact that the right corner of the front end of the Bailey car was crushed by contact with the truck and the Bailey car then dragged to the north boundary of the street by the truck, while its driver was applying his brakes with much force.

But according to testimony of some of the witnesses, those skid marks showed that the truck had swerved from the north side to the south side of the street before the collision, and that the collision occurred on that side. And according to the testimony of some of the witnesses, the truck was traveling faster than 20 miles per hour just before the two vehicles collided.

The evidence relied on by the plaintiff to support his allegations that the truck driver did not keep a proper lookout for cars on the highway approaching from the west, was that it was near mid-day, with nothing whatever to obstruct visibility and prevent him from seeing plaintiff's car as it approached the place where the accident occurred.

In view of those conflicts in the testimony, we cannot say that the findings of the jury, of negligence on the part of the truck driver in the several matters shown in the answer to special issues, were without support of any competent evidence.

■ Nor can it be said that the evidence showed conclusively as a matter of law that the collision was the result of negligence on the part of Bailey, the driver of the plaintiff's car, which is the point specially stressed by appellant, under numerous authorities cited, including the following: Article 801, Sects. (A), (F) and (K) of the Penal Code; Fort Worth & D. C. Ry. Co. v. Bell, Tex.Civ.App., 14 S.W. 2d 856, writ refused; Koock et al. v. Goodnight et ux., Tex.Civ.App., 71 S.W.2d 927, writ refused; Gulf, C. & S. F. R. Co. v. Gaddis, Tex.Com.App., 208 S.W. 895; Galveston H. & S. A. R. Co. v. Price, Tex.Com.App., 240 S.W. 524; Texas Mexican R. Co. v. Hoy, Tex.Com.App., 24 S. W.2d 18; Cisco & N. E. R. Co. v. McCharen, Tex.Civ.App., 118 S.W.2d 844; Wichita Valley R. Co. v. Fite, 78 S.W.2d 714; Bostick v. Texas & P. R. Co., Tex.Civ. App., 81 S.W.2d 216; Kypfer v. Texas & P. R. Co., Tex.Civ.App., 88 S.W.2d 528; Texas & P. Ry. Co. v. Baker, Tex.Com. App., 215 S.W. 556; Magnolia Petroleum Co. v. Beck, Tex.Civ.App., 41 S.W.2d 488; Ramin v. Cosio, Tex.Civ.App., 85 S.W.2d 802; Waggoner v. Simmons, Tex.Civ.App., 117 S.W.2d 553; El Paso Electric Co. v. Leeper, Tex.Com.App., 60 S.W.2d 187; Ex parte Williams, 128 Tex.Cr.R. 148, 79 S.W.2d 325; Reilley v. Buster, 125 Tex. 323, 82 S.W.2d 931; Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; West Texas Coaches, Inc. v. Madi, Tex.Com. App., 26 S.W.2d 199.

In Ft. Worth & D. C. Ry. Co. v. Bell, supra, there is an extended review of the authorities announcing the controlling test on this question.

In Choate v. San Antonio & A. P. R. Co., 90 Tex. 82, 36 S.W. 247, 37 S.W. 319, this was said: " 'Negligence, whether by the plaintiff or defendant, is generally a question of fact, and becomes a question of law to be decided by the court only when the act done is in violation of some law, or when the facts are undisputed, and admit of but one inference regarding the care of the party in doing the act in question. In other words, to authorize the court to take

the question from the jury the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it.'" The same test is announced in Sanchez v. San Antonio & A. P. R. Co., 88 Tex. 117, 30 S.W. 431. Also in International & G. N. R. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106, and many other decisions that might be cited.

In Gulf, C. & S. F. R. Co. v. Gaddis, supra, it is said [208 S.W. 896]: "Where no care whatever has been exercised, our courts uniformly hold that contributory negligence exists as a matter of law, and recovery is denied."

In Galveston, H. & S. A. R. Co. v. Price, supra, this was said [240 S.W. 526]: "The uncontradicted evidence and the specific findings of the jury present a clear case of a pedestrian stepping in front of a slowly moving train under circumstances which present no excuse for his not discovering it."

In view of the testimony noted, we are unable to say there is an entire absence of justifying or excusing circumstances on the part of Bailey for attempting to make a left turn around the Riley car in the manner and under the circumstances related by him.

We believe the decisions relied on by appellant are distinguishable from this case on the facts, which we will not review because so to do would unduly extend this opinion and serve no useful purpose.

Article 801(A), Texas Penal Code, which is the law of the road, reads, in part, as follows: "On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead."

Bailey's excuse for turning to the left to go around the Riley car was that the rear end of the Riley car was not more than three feet from the south side of Belknap Street, and therefore there was no room to pass to its right. Yet one witness, Stephen Ronsley, testified that he witnessed the accident at his home nearby, and that when plaintiff's car whipped around in front of the Riley car, the Riley car's back wheel was about 12 or 15 feet from the south side of the pavement on Belknap Street.

■ In view of Ronsley's testimony, in connection with that of Bailey that he was about ½ or ⅓ of a block from the Riley car when that car started to turn to the left, to cross to the other side of Belknap Street, and was near the middle of the street, and that he was 10 or 12 feet from the back end of the Riley car, and traveling about 18 miles per hour, when he started to turn to the left, to pass around the front of the Riley car, we believe the court erred in refusing to submit to the jury the defendant's two requested issues, inquiring whether the failure on the part of Bailey to drive to the right or south side of the Riley car on the occasion in question was negligence, and whether or not such negligence, if any, was a proximate cause of the collision. For even if there was not sufficient space to pass to the right of the Riley car at that very instant, Bailey necessarily knew that there would be such almost immediately, because the Riley car was then moving slowly to the north side of Belknap Street, and he could easily have slowed down or stopped until there was space enough to pass to the right of the rear end of the Riley car, and the jury might reasonably have concluded that in the exercise of ordinary care he should have done so, instead of turning to the left to pass around the front end of the Riley car. Articles 2189 and 2190, Vernon's Ann.Civ.Stat.; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; Montrief & Montrief v. Bragg, Tex.Com.App., 2 S.W.2d 276; Greer v. Thaman, Tex.Com.App., 55 S.W. 2d 519.

■ Plaintiff, Mrs. Fine, testified that before the Ford car turned to the left to go around the Riley car, it was traveling very fast. In view of that testimony, in connection with Bailey's testimony that he did not apply the brakes and that the weather was fair and dry, we conclude that the court erred in refusing to submit the defendant's further requested issues, inquiring whether or not the failure of Bailey to apply the brakes on his car as he turned to go around the Riley car was negligence, and whether or not such negligence, if any, was a proximate cause of the collision. See authorities cited above.

■ If, as testified by several witnesses, the collision occurred on the north half of Belknap Street, just as the Bailey car passed to that side, then that side of the street was not clear and unobstructed for at least

50 yards ahead of Bailey as he passed to that side in his turn around the Riley car, and therefore the court erred in the refusal of defendant's further requested issues, as to whether or not Bailey was guilty of negligence in passing to the north half of Belknap Street, in his attempt to pass around the Riley car, and whether such negligence, if any, was a proximate cause of the collision. Authorities cited above.

The fact that the right corner of the front of the Bailey car collided with the truck tends strongly to prove that when the collision occurred that car had turned in a northwesterly direction in front of west bound traffic on Belknap Street, instead of continuing in a northeasterly direction around the Riley car after he saw, or should have seen, the approaching truck. That evidence was sufficient to raise the issue of Bailey's negligence as a proximate cause of the collision, in failing to veer to his right, out of the way of the approaching truck, even after he had passed to the north half of Belknap Street; and the court erred in refusing defendant's request for the submission of those issues. Authorities supra.

Appellant complains of the court's definition of proximate cause, in that it omits the words, "in its natural and continued sequence," preceding the words, "unbroken by any new independent cause," in the definition given. Without a determination of the merits of this complaint we deem it sufficient to say that this criticism may be avoided on another trial.

And in view of another trial, the further assignment complaining of excessiveness of damages awarded, will not be considered.

For the errors noted, the judgment of the trial court is reversed and the cause remanded.

## On Motion for Rehearing.

Appellees insist that we erred in sustaining errors assigned to the refusal of the trial court to submit defendant's requested issues Nos. 3 and 4, copied and discussed in our original opinion, and its requested special issues Nos. 10 and 11, not copied in our original opinion, but which were as follows:

"No. 10: Was the failure on the part of A. J. Bailey to pass the defendant's truck to the right or south side of said truck negligence?"

"No. 11: Was the failure on the part of A. J. Bailey to pass defendant's truck to the right or south side of said truck a proximate cause of the collision in question?"

It is argued that those issues were erroneous and properly refused, because on the weight of the evidence, and because they failed to place upon defendant the burden of proof to sustain affirmative findings thereon in defendant's favor.

■ This announcement in 41 Tex.Jur., par. 291, page 1137, is well sustained by numerous decisions cited by the author: "But as to uncontroverted facts, it is not erroneous for the court to assume their existence; and the same is true as to facts established conclusively by the evidence."

■ Ordinarily the burden of proof is on the defendant to sustain by a preponderance of evidence defendant's pleading of contributory negligence. 30 Tex.Jur., para. 135, page 809. But where the undisputed evidence prima facie establishes contributory negligence of plaintiff as a matter of law, then it is error for the court to instruct the jury that the burden of proof on that issue is on the defendant. Gulf, C. & S. F. R. Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 28 L.R.A. 538; Davis v. Estes, Tex.Com.App., 44 S.W.2d 952, and decisions there cited. It is likewise error to impose the burden of proof on defendant to show contributory negligence of plaintiff, if plaintiff's own testimony tends to show such negligence. Chicago, R. I. & G. R. Co. v. Clay, 55 Tex.Civ.App. 526, 119 S.W. 730, error refused; Texas & N. O. R. Co. v. Conway, 44 Tex.Civ.App. 68, 98 S.W. 1070, error refused; Stehling v. Johnston, Tex.Civ.App., 32 S.W.2d 696, error refused; Texas Traction Co. v. Wiley, Tex.Civ. App., 164 S.W. 1028; Texas Portland Cement & Lime Co. v. Ross, 35 Tex.Civ. App. 597, 81 S.W. 94; Gulf, C. & S. F. R. Co. v. Hill, 95 Tex. 629, 69 S.W. 136; Texas & Pacific R. Co. v. Reed, 88 Tex. 439, 31 S.W. 1058; Missouri, K. & T. R. Co. of Texas v. Plunkett, Tex.Civ.App., 103 S.W. 663.

■ That Bailey, the driver of plaintiffs' car, did fail to pass the Riley car south of its rear end and that he could have done so even if it were necessary for him to wait for an instant for space to do so, was of itself sufficient to warrant a finding that he was guilty of negligence in failing to do so. In view of that situation it would have been error to place the burden of proof as to that issue on the defendant.

In their reply to those criticisms above shown, appellant has cited different statutes and numerous decisions to support the contention that even if those issues were open to those objections, nevertheless they were sufficient to point out the defendant's right to have those defenses submitted, and it then became the duty of the court to submit those issues in proper form.

 Appellant did not request the court to submit those defenses in correct form if he found the ones requested were not correct as written, and in the absence of such a request and its refusal, they are in no position here to urge the contention so made. Kenney v. La Grone, Tex.Com. App., 93 S.W.2d 397, by Supreme Court.

In view of another trial, we deem it proper to discuss other assignments of error which were not discussed on original hearing, because we deemed it unnecessary. They will now be discussed, and by reason thereof, appellees will be given leave to file a second motion for rehearing, if desired.

One of those assignments is to the refusal of the court to submit requested issues Nos. 6 and 7, which read:

"No. 6: Was the failure on the part of A. J. Bailey to sound his horn as he approached the car of M. Riley negligence?"

"No. 7: Was the failure on the part of A. J. Bailey to sound his horn as he approached the car of M. Riley a proximate cause of the collision in question?"

Art. 801, subd. K, of the Penal Code, reads: "The person in charge of any vehicle upon any public highway before turning, stopping or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping or changing of course, shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions so to turn, stop or change said course."

 Bailey testified he did not sound his horn before turning and changing the course of his car, in order to pass around the Riley car, and back to the south side of Belknap. His failure so to do was negligence per se, as held by the Commission of Appeals in the case of Texas Company v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; and the jury would have been warranted in finding that such violation of the statute by Bailey was a proximate cause of the collision in controversy, in that, with such warning Riley might probably have stopped or slowed down his car to enable Bailey to pass around him to the north. Hence, there was reversible error in the court's refusal to submit the requested issues last noted. Greer v. Thaman, 55 S. W.2d 519, by Commission of Appeals, with express approval of the Supreme Court; and other decisions cited in our original opinion.

 Another assignment is to the refusal to submit defendant's requested issues Nos. 1 and 2, reading:

"No. 1: Was the failure on the part of A. J. Bailey to apply the brakes on the Ford automobile as he approached the car of M. Riley on the occasion in question negligence?"

"No. 2: Was such negligence on the part of A. J. Bailey, if any, in failing to apply the brakes on his car, as inquired about above, a proximate cause of the collision in question?"

In view of Bailey's admission on the witness stand of his failure to apply his brakes, in connection with his further testimony of the speed he was traveling at the time of the accident and other circumstances in connection therewith, we conclude that this assignment should also be sustained. Authorities cited supra.

 And, under the authorities noted above, requested issues last noted, being Nos. 6, 7, 1 and 2, as written, were not erroneous for failure to place upon the defendant the burden of proof to procure findings thereon in its favor.

In view of a reversal of the judgment and ordering a new trial, the assignment presenting error for excessiveness of damages allowed plaintiffs will not be determined.

Motion for rehearing overruled.